UNITED STATES of America and Ernest J. Tiberino, Jr., Special Agent, Internal Revenue Service

v.

Max POWELL and William Penn Laundry, Inc., Appellants.

No. 14516.

United States Court of Appeals Third Circuit.

Argued Oct. 17, 1963.

Decided Dec. 23, 1963.

Bernard G. Segal, Philadelphia, Pa. (Fred L. Rosenbloom, Samuel D. Slade, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., on the brief), for appellants.

Richard M. Roberts, Dept. of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Burton Berkley, Attorneys, Department of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

HASTIE, Circuit Judge.

The United States and a special agent of the Internal Revenue Service brought

this action in the district court, as authorized by section 7604(b) of the 1954 Internal Revenue Code, to compel a corporate taxpayer, William Penn Laundry, Inc., and its president, Max Powell, to obey an administrative summons, issued in March 1963 by special agent Ernest Tiberino, one of the plaintiffs, directing them to appear before him and to produce for reexamination certain records of the corporation for the years 1958 and 1959.

In response to the summons, Powell appeared before Tiberino at a formal hearing and pointed out that the taxpayer's records for 1958 and 1959 had already been examined, that the normal three-year statute of limitations had run against 1958 and 1959 deficiency assessments, that only to redress fraud could those closed years be reopened and that he knew of no basis upon which fraud could be attributed to the taxpayer. He then asked agent Tiberino to indicate some justification for reexamining the records in question and refused to produce them otherwise. Tiberino declined to justify his demand and summarily terminated the hearing. He then instituted this enforcement proceeding.

With this petition Tiberino filed in the district court his affidavit asserting that "on the basis of information obtained" in a current investigation of taxpayer's 1958 and 1959 income tax returns, "he has reason to suspect that the William Penn Laundry, Inc., has filed false and fraudulent corporate income tax returns for its fiscal years ending July 31, 1958 and July 31, 1959, with the intent to evade its taxes and has attempted to evade and defeat the taxes due for these years by overstating the amount of purchases made which in turn were used as expenses so as to fraudulently understate the amount of taxable income for the above fiscal years". Answering the petition, the defendants stated what had occurred at the hearing before agent Tiberino and again refused to produce the 1958 and 1959 records unless justification for

their reexamination should be shown. When the matter came on for hearing, the plaintiffs elected to make no factual showing beyond Tiberino's affidavit. Indeed, Tiberino was not present, appearing only by counsel. After hearing argument, the court ordered the defendants to honor the summons and produce their records for Tiberino's examination. The defendants have appealed from that order.

We first summarize the relevant provisions of the 1954 Internal Revenue Code. Section 7602 confers upon the Secretary of the Treasury or his delegate very broad power to summon witnesses and to require the production of records "as may be relevant or material" to inquiry into tax liability. Section 7605 (b) prohibits subjecting a taxpayer "to unnecessary examination or investigations". Section 7604(b) provides that the judge who is asked to enforce an administrative summons shall hear the application and, "if satisfactory proof is made", take coercive action against the person summoned.

■■ On this appeal we must determine in the light of the above cited provisions of the statute what a court's responsibility is when it is asked to enforce an administrative demand to reexamine a taxpayer's records after a return has been filed for the year in question, the taxpayer's supporting records have been examined, the tax has been paid in accordance with the indicated liability, and the normal three-year statute of limitations[1] has run against any further deficiency assessment. In such circumstances, the imposition of any additional liability upon the taxpayer must be predicated upon fraud. 26 U.S.C. § 6501(c) (1). Logically, therefore, a reexamination of his records must be "unnecessary" within the meaning of section 7605 (b) unless something has been discovered by the Secretary's delegate which might cause a reasonable man to suspect that there has been fraud in the return

1. There is no suggestion here that the six-year statute of limitations, applicable to gross understatement of income, may be applicable. 26 U.S.C. § 6501(e) (1).

for the otherwise closed year. Cf. Farmers' & Mechanics' Nat. Bk. of Philadelphia v. United States, 3d Cir. 1926, 11 F.2d 348; In re Andrews' Tax Liability, D.Md.1937, 18 F.Supp. 804. Nevertheless, the government insists that the basis of the Treasury agent's suspicion is not a matter of judicial cognizance. Rather, it is argued, the agent is entitled to judicial enforcement of his demand for the taxpayer's records if he merely submits to the court his affidavit asserting in generality that "he has reason to suspect" that there has been fraud in the taxpayer's computation of his tax for the year in question. In the government's view the agent need not even set out in his affidavit the facts which gave him "reason to suspect" fraud, much less establish by testimony in court that his suspicion is reasonably grounded. This also seems to be the view of the Court of Appeals for the Second Circuit. Foster v. United States, 2d Cir. 1959, 265 F.2d 183, cert. denied, 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261.

■■ Rejecting this view, we consider it significant that section 7604(b) requires a "hearing" on the application to enforce the administrative summons at which "satisfactory proof" shall be made. We think this provision means that the court shall decide on the basis of the showing made in the normal course [2] of an adversary proceeding whether the agent's suspicion of fraud is reasonable. O'Connor v. O'Connell, 1st Cir. 1958, 253 F.2d 365, followed in Lash v. Nighosian, 1st Cir. 1959, 273 F.2d 185, cert. denied, 1960, 362 U.S. 904, 80 S.Ct. 610, 4 L.Ed.2d 554; United States v. Carey, D.Del.1963, 218 F.Supp. 298. This the court cannot do unless the agent discloses whatever may have created his suspicion. Since the agent in this case failed to make such disclosure, despite the taxpayer's formal request for it, his application for judicial assistance should have been denied.

Our conclusion is in accord with the ruling of the Court of Appeals for the First Circuit in O'Connor v. O'Connell, supra, and contrary to the language of the Court of Appeals for the Second Circuit in Foster v. United States, supra. The government also contends that very recent decisions in the Sixth and Ninth Circuits grant the government relief in cases like this one. We do not read those decisions that way.

United States v. Ryan, 6th Cir. 1963, 320 F.2d 500, does contain language suggesting that a court, asked to enforce an internal revenue summons, need not inquire into the reasonableness of administrative suspicion of fraud. However, the opinion shows that the petitioning revenue agent testified in the enforcement proceeding and explained the basis of his apprehension concerning fraud. Moreover, the decisive conclusion of the court of appeals was that "the District Court was justified in concluding from the testimony of the Internal Revenue Agent that he ought not to disturb the determination made by the Secretary that the investigation was necessary".

The Court of Appeals for the Ninth Circuit dealt with this problem in De Masters v. Arend, 1963, 313 F.2d 79. There again the petitioning agent testified as to the basis of his suspicion. He had found that deposits in the bank account maintained for the taxpayer's store were substantially greater than the total gross receipts of the business as reported in the taxpayer's income tax return. Moreover, a preliminary computation had indicated an increase in the taxpayer's net worth which far exceeded his reported income. With this testimony before it, the court said that "if it appeared that the decision to investigate * * * [possible fraud] was in fact reached as a matter of rational judgment based on the circumstances of the particular case, then the investigation would not be an

---

**2.** If facts are alleged in the petition or in a supporting affidavit as the basis of the agent's suspicion and are not denied in a responsive pleading there may be no need to take testimony. Otherwise, the agent must present evidence showing some rational basis for his suspicion.

'unnecessary' one prohibited by Section 7605(b), just as the act of issuing an administrative subpoena in such circumstances would not be 'arbitrary' and the subpoena unenforceable." 313 F.2d at 90. The court concluded that the "showing by the taxpayers in the present case that further assessment was time-barred in the absence of fraud may have been sufficient to require the appellants to go forward with a justification of their inquiry. But this they did, and the showing which they made was sufficient to establish (1) that further investigation was undertaken pursuant to the Commissioner's authority, and (2) that the decision to proceed was not arbitrary." 313 F.2d at 91. This is essentially the position that we take in this case.[3]

The judgment will be reversed.

---

3. Probably the Sixth and Ninth Circuits would sustain administrative judgment as to the need for reexamination of records of closed years upon a less impressive showing of suspicious circumstances than the First Circuit would require. However, this is a matter of quantum of proof which does not concern us here because no showing whatever has been made as to the basis of the special agent's suspicion.