**UNITED STATES of America and Ernest J. Tiberino, Jr., Special Agent, Internal Revenue Service, Petitioners,**

v.

**Max POWELL, Respondent.**

**No. 2573.**

United States District Court
E. D. Pennsylvania.

Dec. 27, 1963.

Frank J. Violanti, Tax Division, U. S. Dept. of Justice, Washington, D. C., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., for petitioners.

Fred L. Rosenbloom and Samuel D. Slade, Philadelphia, Pa., for respondent.

VAN DUSEN, District Judge.

In this case, petitioners, the Government and an Internal Revenue Service agent, are investigating the income tax returns of Kline's Coat, Apron & Towel Service of Harrisburg, Inc. (hereinafter called "Kline's, Inc.") for the taxpayer's fiscal years ending May 31, 1958, and May 31, 1959. A summons issued on May 28, 1963, directed respondent, Max Powell, to produce certain of Kline's, Inc.'s records, of which he is in possession by virtue of authority granted by the estate of Lawrence C. Kline, deceased, who was the 100% shareholder in Kline's, Inc. on and prior to August 4, 1961. On that date, Mr. Kline agreed to sell this stock to a Florida company by a contract providing that he would defend against any tax liability for a period prior to August 1961 and hold Kline's, Inc. and the Florida company harmless from any obligation or expense in connection therewith. Mr. Powell was Vice President of Kline's, Inc. during the years in question (the years ending May 31, 1958, and May 31, 1959).

Argument has been presented on the limited issue: Is respondent, Max Powell, entitled to invoke the defense of Section 7605(b) of the Internal Revenue Code of 1954 in refusing to comply with an Internal Revenue summons addressed

10. Title 28, United States Code Annotated, § 2463.

to him as President of William Penn Laundry, Inc., which directed him to produce certain books, records, papers, documents, accountant's records, etc., of Kline's, Inc. in his possession and relating to the tax liabilities of Kline's, Inc. for the fiscal years ended May 31, 1958, and May 31, 1959?

It is the opinion of the court that Mr. Powell is covered by the word "taxpayer" as used in § 7605(b) of the Internal Revenue Code of 1954 [1] and is entitled to the benefits of that section insofar as the records demanded in this proceeding are concerned, since he stands in the position of the taxpayer under the facts of this record. See, particularly, the affidavit of Max Powell dated November 10, 1963 (Document 6). Mr. Powell is the person opposing the demand on behalf of the corporate taxpayer in this matter, since Kline's, Inc. has concurred in Mr. Powell's resisting the application of the Internal Revenue Service for access to the 1958 and 1959 books and records.[2] The cases relied on by the Government [3] are inapplicable to the factual situation presented by this record.

The parties agree that the ultimate disposition of the above Petition cannot be made on this record and, in view of the decision of the United States Court of Appeals for the Third Circuit in United States v. Powell & William Penn Laundry, Inc., 325 F.2d 914, a conference will be held at 11 A.M. on January 6, 1964, unless the Government applies for a hearing to be scheduled at that time to permit it to offer evidence in the light of the above-mentioned decision of December 23, 1963.

---

1. Section 7605(b) reads as follows:
   "(b) Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. * * *"

2. See attached letter of December 24, 1963, from Kline's, Inc., per J. G. Lamb.

3. Bouschor v. United States, 316 F.2d 451 (8th Cir. 1963); Application of Magnus, 299 F.2d 335 (2nd Cir. 1962); Hubner v. Tucker, 245 F.2d 35 (9th Cir. 1957). Further, the Government concedes that a contrary position has been taken in Martin v. Chandis Securities Co., 128 F.2d 731 (9th Cir. 1942), and in De Masters v. Arend, 313 F.2d 79 (9th Cir. 1963).