**In re MARKET BASKET, Inc.**

United States District Court
W. D. Missouri, W. D.

July 26, 1954.

Edward L. Scheufler, U. S. Dist. Atty., Kansas City, Mo., for the United States.

Forest R. Montgomery and Casemore & Berman, Kansas City, Mo., for Associated Grocers of Kansas City, Inc.

WHITTAKER, District Judge.

Initiation of this proceeding, if in fact it was ever initiated or in truth may be called a proceeding, in this court was by the ex parte presentation by an assistant District Attorney to the former Judge of this court of a form of order, on September 9, 1953, which the court signed, reciting that: (1) on September 1, 1953 the Director of Internal Revenue had issued a warrant of distraint against the store fixtures and equipment of Market Basket, Inc., located at 8215 Troost Avenue in Kansas City, (2) but that prior thereto, on February 12, 1953, an action had been filed by Associated Grocers of Kansas City, Inc., against Market Basket, Inc., in the Circuit Court of Jackson County, Missouri, at Kansas City, (and that a copy of the complaint and a lis pendens had been recorded, that day, in the office of the Recorder of Deeds in and for Jackson County, Missouri, at Kansas City), in which the plaintiff, Associated Grocers of Kansas City, Inc., claimed an equitable chattel mortgage lien upon said fixtures and equipment, (3) that after trial of that suit in said state court, judgment was rendered establishing an equitable chattel mortgage lien in favor of Associated Grocers of Kansas City, Inc., upon and against said fixtures and equipment, effective as of the 12th day of February, 1953, and the order concluded, saying, "It is therefore ordered by this court that the warrant of distraint and seizure of said fixtures and equipment on the part of the Government be withdrawn in favor of Associated Grocers of Kansas City, Inc."

Afterward, on December 4, 1953, the District Attorney filed a motion in this court, said to be pursuant to Rule 60(b) of Federal Rules of Civil Procedure, 28 U.S.C.A., to set aside the order entered by this court on September 9, 1953, on the ground of his mistake of the applicable law, and asking an order upon Associated Grocers of Kansas City, Inc., to show cause, if any it have, why the order of this court of September 9, 1953, should not be set aside. The then Judge of this court signed that order to show cause and now, the District Attorney has filed suggestions in support of his motion to vacate said order and Associated Grocers of Kansas City, Inc., has filed suggestions in opposition to that motion. This presents the matter now before me for decision.

■■ I am wholly without any jurisdiction to determine the merits of the controversy, because no action in respect of the matter has ever been commenced or is pending in this court. Rule 3 of Federal Rules of Civil Procedure provides "A civil action is commenced by filing a complaint with the court." Until an action has been commenced in this court, obviously, it has no jurisdiction to act. Jacobson v. Coon, 6 Cir., 165 F.2d 565; Zuckerman v. McCulley, D.C.Mo. 1948, 78 F.Supp. 380; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Farmers Loan & Trust Co. of New York v. Lake Street Elevated R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667; Emil v. Hanley, 2 Cir., 130 F.2d 369; Bomar v. Keyes, 2 Cir., 162 F.2d 136. Inasmuch as no action has been commenced or is pending in this court in respect of this matter, it follows that the jurisdiction of the court has never been invoked and that the ex parte order signed and entered herein by the court on September 9, 1953, is, and always was, wholly void.

If the Director of Internal Revenue had determined to release the lien of his distraint, Section 3673, Title 26 U.S.C.A., provided the procedures to be followed. If, on the other hand, the Director improperly declined to release his lien, or to subordinate it to the claimed lien of Associated Grocers of Kansas City, Inc., Section 3678, Title 26 U.S.C.A., provided the means and procedures open to the latter for the adversary determination of the issue of validity and priority of liens, but, in any event, this court has no general superintending control over the actions of the Director, and can only act when its jurisdiction has been invoked, and that can only be done by the commencement of an action in this court, and that can only be done by filing a complaint with the court. It follows that the ex parte order entered herein on September 9, 1953 was made without jurisdiction and is void, and, of course, the motion to set aside that void order automatically falls with the order itself.

It is therefore ordered and adjudged by the court that the order signed by the court herein on September 9, 1953, is wholly void and is set aside and for naught held.