**Application of William L. WARREN, Petitioner,**

**v.**

**Commander ARZT, Senior Officer, Investigations, as Agent for Commandant, United States Coast Guard, Respondent.**

United States District Court
S. D. New York.

Aug. 4, 1955.

Irving Zwerling, New York City, for petitioner.

Lloyd F. MacMahon, U. S. Atty. for the Southern Dist. of New York, New York City, for respondent, Arthur B. Kramer, Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

Petitioner is a seaman who has, by an order to show cause, petitioned for a review of an order by the Commandant of the United States Coast Guard withdrawing his Merchant Mariner's Document, which license is necessary to his calling.

The respondent urges that this Court has no jurisdiction over this proceeding because it was started by the issuance of an order to show cause, rather than by the filing of a complaint.

It appears from the papers that petitioner had been serving as a fireman aboard the S.S. Constitution, a merchant vessel of the United States. On December 19, 1954, as he was leaving a pier, he was stopped and searched by a Customs Patrol officer who found in his inside left breast pocket a partially smoked marihuana cigarette. A hearing was held in New York City before a Hearing Examiner of the Coast Guard on December 28 and 29, 1954 and January 3, 1955. The Hearing Examiner revoked the petitioner's Merchant Mariner's Document. Counsel was retained by petitioner, and an appeal was taken to the Commandant of the Coast Guard on the ground that petitioner had not had the benefit of counsel and was confused by the proceeding, that the charges were not proved beyond a reasonable doubt, and that new evidence was available. The appeal was denied on May 25, 1955 by the Commandant by an order affirming the Hearing Examiner's order. This opinion included findings of fact.

Thereupon, petitioner, in July, 1955, presented a petition for an order to show cause directing the respondent Arzt, as Senior Officer, Investigations, as Agent for Commandant, United States Coast Guard, to show cause why an order should not be granted (1) remanding the entire hearing back to the Hearing Examiner of the United States Coast Guard for a trial de novo, (2) rescinding and canceling the determination of the Commandant of the Coast Guard which revoked the Merchant Mariner's Document of petitioner, and (3) directing the respondent to reinstate the petitioner to his document and other licenses.

We are met immediately with a challenge to the jurisdiction of this Court on the ground that no action is pending before this Court.

The right to review a determination of a department or agency of the United States Government appears in § 10 of the Administrative Procedure Act of June 11, 1946, Tit. 5 U.S.C.A. § 1009. This section provides in subdivision (b) for the "form and venue of proceedings."[1]

---

1. "(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. Agency action shall be subject to judicial review in civil or criminal proceedings

It is to be noted that the form of proceeding for judicial review, in the absence of any special statutory review proceeding specified by statute, shall be "any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus)". There is no special statutory review proceeding specified by statute for appeals from the Commandant of the Coast Guard. Therefore, any proceeding for the judicial review of a determination by the Commandant of the Coast Guard must be by "legal action".

Rule 3 of the Rules of Civil Procedure, 28 U.S.C.A., provides: "A civil action is commenced by filing a complaint with the court."

Rule 4 of the Rules of Civil Procedure provides that upon the filing of the complaint, the clerk shall forthwith issue a summons and deliver it for service. In actions attacking the validity of an order of an officer or agent of the United States, Rule 4(d) (4) and (5) requires that a copy of the summons and complaint be delivered to the United States Attorney for the district, as well as to the officer or agency involved.

Rule 12(a) of the Rules of Civil Procedure provides that the United States or an officer or agency thereof shall serve an answer to the complaint within sixty days after the service upon the United States Attorney of the pleading in which the claim is asserted.

In the present situation, no complaint was filed, no summons was issued, and no service was made upon the United States Attorney.

An action may not be started by securing an order to show cause and serving it upon an agency of the United States. To commence an action, it is necessary that the Rules of Civil Procedure be complied with, that a complaint

be filed, a summons issued, and service made as prescribed in the Rules. Any order to show cause would have to be ancillary to an action then pending.

Since no action has ever been commenced or is pending in this Court, this Court obviously has no jurisdiction to act. In re Market Basket, D.C.W.D.Mo., 1954, 122 F.Supp. 321. The order to show cause issued herein is vacated and set aside as wholly void.

So ordered.

for judicial enforcement except to the extent that prior, adequate, and exclusive opportunity for such review is provided by law."