In the Matter of the Arbitration between CHILDREN'S DRESS, INFANT'S WEAR, HOUSEDRESS AND BATHROBE MAKERS' UNION, LOCAL 91, ILGWU, Complainant-Union,

and

FRANKOW MANUFACTURING COMPANY (a member of the Industrial Association of Housedress, Robe and Uniform Mfrs., Inc., Respondent-Employer.

United States District Court
S. D. New York.

May 13, 1960.

Lieberman, Katz & Aronson, New York City, for complainant-union.

Philip Steinman, New York City, for Frankow Mfg. Co.

MURPHY, District Judge.

Frankow Manufacturing Company (the employer) filed a petition in this court praying for an order staying arbitration proceedings instituted by Local No. 91 of the International Ladies Garment Workers' Union by notice served by the latter on April 21, 1960.

No civil action was ever commenced by Frankow or by the Union and no summons and complaint were ever served. In Frankow's brief it states, "In this proceeding Frankow Mfg. Co., Inc., hereinafter referred to as 'Frankow,' seeks a determination that an attempted arbitration instituted by Local 91, I.L.G.W.U., hereafter referred to as the 'Union,' may not properly be brought, under the collective bargaining agreement between the parties, there being no arbitrable issue presented by the demand for arbitration."

Frankow maintains that this court has original jurisdiction under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), and the United States Arbitration Act, 9 U.S.C. § 1 et seq.

Motion for a stay is denied because this court is without jurisdiction to grant such relief. There is no jurisdiction present over a controversy under the Labor Management Relations Act, because no suit is pending in this court for violation of a labor contract. There is no suit at all pending in this court between the parties herein.

Assuming that under New York law the notice of arbitration, such as served by the Union on April 21st, is the first step in a "special proceeding," Shine's Restaurant, Inc. v. Waiters and Waitresses Union, Sup., 113 N.Y.S.2d 315, 317; Fay v. Phenix Soda Fountain Co., Sup., 153 N.Y.S.2d 153, 156, and assuming further that such a special proceeding is a "suit" within the meaning of § 301(a), nevertheless, that suit has not been "commenced" in this court, nor has it as yet touched a state court from whence it could perhaps be removed here. Clearly, petitioner has not commenced suit in this court in conformity with the Civil Rules, 3 and 4. And it could not by its present petition filed in this court effect a removal of the "suit" to this court, nor in any event could it remove this suit since it has not been "brought" in a state court within the meaning of the Federal Removal Statute, 28 U.S.C.A. § 1441(a). As was pointed out in Minkoff v. Budget Dress Corp., D.C.S.D.N.Y.1960, 180 F. Supp. 818, 822, "a case is not ripe for removal unless it has been 'brought' and is 'pending' in a state court," i. e., that the state court has been asked to participate in the proceeding in some way. Cf. Minkoff v. Scranton Frocks, Inc., D.C.S. D.N.Y.1959, 172 F.Supp. 870, 876–877.

Under the reasoning of the Budget Dress case, petitioner would contend that a § 301(a) suit was "brought" in this court by the filing of the instant petition. The analogy is fair, but the stumbling block is Rule 3 of the Civil Rules. The rationale of that case is available only with respect to removal of arbitration proceedings. Not with regard to the *institution* of a federal case. The mere petition to stay arbitration cannot, therefore, stand jurisdictionally by itself. This holding incidentally disposes of the alternate ground of jurisdiction asserted by petitioner, viz., under the United States Arbitration Act. In order to invoke that Act the court must be provided with an independent basis of jurisdiction. Robert Lawrence Co., Inc. v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402, 408–409. A petition to

stay arbitration is not an action for breach of a labor contract under § 301 (a). Wamsutta Mills v. Pollock, D.C. S.D.N.Y., 180 F.Supp. 826. There is no diversity of citizenship present nor any other basis of federal question jurisdiction alleged. We, therefore, do not have jurisdiction under that Act which, moreover, does not authorize a stay of arbitration, but merely authorizes the stay of an action pending arbitration.

Motion denied and petition dismissed.

This is an order. No settlement is necessary.