325 F.2d 917
 Application of John A. HOWARD to Quash Summons Issued to Him by the Internal Revenue Service in Connection with His Tax Liability and to Vacate the Service in Connection with His Tax Liability and for a Temporary Stay of the Special Agents Hearing Pending Decision of the Application to Quash and Vacate.
United States of America, Appellant.
 No. 14272.
 United States Court of Appeals Third Circuit.
 Argued October 17, 1963.
 Decided December 23, 1963.
 
 Richard M. Roberts, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Burton Berkley, Attys., Dept. of Justice, Washington, D. C., Gustave Diamond, U. S. Atty., Thomas J. Shannon, Asst. U. S. Atty., on the brief), for appellant.
 John A. DeMay, Pittsburgh, Pa. (McArdle, Harrington & McLaughlin, Pittsburgh, Pa., on the brief), for appellee.
 Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.
 HASTIE, Circuit Judge.
 
 
 1
 To facilitate an inquiry into a taxpayer's possible persisting income tax liability, special agent William Ankron of the Internal Revenue Service, acting under authority of section 7602 of the 1954 Internal Revenue Code, signed and served on John Howard an administrative summons, requiring him to appear before Ankron at a stipulated time and place and to produce his business records and accounts for a period of four years, three of which were "closed years" in that the normal three-year statute of limitations had run against the assessment of tax deficiencies. Howard then filed as an original pleading in the district court this "Application to Quash" the administrative summons. He named no defendant and did not request that process be issued against anyone. In some manner the United States Attorney and special agent Ankron were notified of this filing and the United States Attorney filed a responsive pleading in behalf of the United States, both challenging the jurisdiction of the court and asserting that on the merits the summons was valid and enforceable. The district court found the proceeding a proper one and, on the merits, ordered the administrative summons quashed as to the closed years. The United States has appealed.
 
 
 2
 On its merits this controversy involves a number of considerations that are discussed in an opinion we have filed today in United States v. Powell, 3 Cir., 325 F.2d 914. However, in this case we are unable to reach the merits.
 
 
 3
 Rules 2, 3, 8 and 10 of the Federal Rules of Civil Procedure restrict original civil proceedings[1] in a district court to a single form of action, commenced by a complaint naming the parties, stating the basis of the court's jurisdiction and demanding specified relief against someone.
 
 
 4
 The application which instituted this original civil proceeding is deficient in all of these respects. It names no defendant, states no basis of jurisdiction and asks for no judgment against anyone. It asks merely for a "hearing" and that the "court quash the summons". Clearly, this application is not, indeed, does not purport to be, such a complaint as the rules contemplate and prescribe. In the Matter of Children's Dress, Infant's Wear, Housedress & Bathrobe Makers' Union, Local 91 v. Frankow Mfg. Co., S.D.N.Y.1960, 183 F.Supp. 671; Application of Warren v. Arzt, S.D.N.Y.1955, 18 F.R.D. 11. Rather, the applicant instituted a summary proceeding for which the rules make no provision.
 
 
 5
 We recognize that there are a few special situations in which federal practice permits summary procedure either for the adjudication of a matter ancillary to a pending judicial proceeding or for the determination of some dispute concerning property already within the court's custody or control. E. g., Hale v. Henkel, 1906, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Go-Bart Importing Co. v. United States, 1930, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. For many years in this circuit we permitted summary proceedings to challenge the validity of a tax collector's distraint of property, reasoning that the distraint itself had served to bring the property under the court's control. Ersa Inc. v. Dudley, 3 Cir. 1956, 234 F.2d 178; Raffaele v. Granger, 3 Cir. 1952, 196 F.2d 620; Rothensies v. Ullman, 3 Cir. 1940, 110 F.2d 590. However, the Supreme Court, resolving a conflict among the circuits, has now found that those decisions were in error. New Hampshire Fire Ins. Co. v. Scanlon, 1960, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826. The Court reasoned that the asserted judicial control of distrained property is more fictional than real and, therefore, does not warrant disregard of the federal rules which "provide the normal course for beginning, conducting, and determining controversies". 362 U.S. at 406, 80 S.Ct. at 845, 4 L.Ed.2d 826. We think this very recent decision of the Supreme Court precludes the substitution of summary procedure for plenary action except in those narrowly defined special situations which we already have mentioned. See 2 Moore, Federal Practice, 1962, 714.
 
 
 6
 Obviously, the present summary proceeding is not ancillary to any pending judicial action and concerns no property under the control of the district court. Rather, it is an original action designed to avoid the procedure which Congress has provided for testing the propriety of an administrative summons issued by a competent officer of the Internal Revenue Service. Section 7604 of the 1954 Internal Revenue Code provides that in the event of refusal to comply with an administrative summons, the appropriate Internal Revenue officer may ask a district court, after hearing and satisfactory proof, to enforce the summons.[2] It is true that a person who disobeys such an order may be punished for contempt of court. But he is not subject to this sanction until the court has found the administrative summons lawful and proper and has ordered him to honor it. Certainly the desire of a taxpayer to avoid this procedure affords no justification for anticipatory action without regard to the authoritative procedural rules.
 
 
 7
 In addition, the taxpayer says that he seeks to avoid the risk of criminal prosecution under section 7210 of the 1954 Internal Revenue Code for refusing to obey the administrative summons. For such a prosecution, see United States v. Becker, 2d Cir. 1958, 259 F.2d 869, cert. denied, 1959, 358 U.S. 929, 79 S.Ct. 317, 3 L.Ed.2d 303. But even if this risk should somehow confer jurisdiction upon a district court to restrain an officer of the Internal Revenue Service from enforcing an administrative summons,[3] there would still be no justification for failure to file such a complaint and to proceed in such manner as the rules of civil procedure prescribe.
 
 
 8
 In reaching a contrary conclusion the district court relied principally upon a decision of the Court of Appeals for the Second Circuit, In re Colton, supra, footnote 3, which does sanction a proceeding indistinguishable from this one. But that opinion makes no mention of the Supreme Court's decision in New Hampshire Fire Ins. Co. v. Scanlon or of the question of proper procedure upon which the New Hampshire Fire Insurance case turned. It is that question of procedure, apparently not raised in the Colton case, which controls our decision here.
 
 
 9
 The judgment will be reversed and the cause remanded with instructions to dismiss the application for failure to comply with the applicable rules of civil procedure.
 
 
 
 Notes:
 
 
 [1]
 Rule 81 makes the Rules inapplicable to certain types of proceedings with which we have no concern here
 
 
 [2]
 This is the procedure involved in today's decision in United States v. Powell, supra
 
 
 [3]
 There are substantial questions whether any statutory basis can be found for such an action and whether it can be reconciled with the sovereign immunity of the United States. Reisman v. Caplin, 1963, 115 U.S.App.D.C. 59, 317 F.2d 123; cf. First National Bank of Emlenton v. United States, 3d Cir. 1959, 265 F.2d 297. Contrast In re Colton, 2d Cir. 1961, 291 F.2d 487