George **FARRELL**, Complainant,

v.

**Paul R. IGNATIUS, as Secretary of the Navy, Department of the Navy of the United States of America, Respondent.**

No. 68 Civ. 1085.

United States District Court
S. D. New York.

April 16, 1968.

Kreindler & Kriendler, New York City, for complainant; Lee S. Kreindler, Milton G. Sincoff, Stanley J. Levy, New York City, of counsel.

Robert M. Morganthau, U. S. Atty. for Southern District of New York, for respondent; Irwin Robins, Asst. U. S. Atty., of counsel.

MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Farrell, styling himself as complainant, obtained an ex parte order requiring the Secretary of the Navy, styled as respondent, to show cause at the motion part of this court "why an Order should not be made pursuant to 5 United States Code § 552 enjoining respondent from withholding and ordering respondent to produce a complete copy of a certain aircraft accident report concerning the death of John A. Wilson, deceased, granting this matter a preference on the docket and assigning the matter for an immediate hearing, and for such other and further relief as may be just." The order to show cause was issued merely on an affidavit of one of the attorneys for the complainant. No complaint has been filed and no summons has been issued.

The complainant is an associate of a law firm claiming to represent the widow and children of Major John A. Wilson, United States Marine Corps Reserve, who died on August 21, 1967, in the crash

of a jet plane while on active duty for training. In October 1967 Farrell wrote to the Navy Department requesting that he be furnished with a copy of its complete aircraft accident report regarding this crash. The request was made pursuant to the Public Information Section of the Administrative Procedure Act. 5 U.S.C. § 552. The Navy Department furnished Farrell with certain factual material from its report of investigation, but refused to supply him with the aircraft accident report. Farrell then wrote to the Secretary of the Navy appealing this departmental ruling and the appeal was denied on December 7, 1967.

Some three months later, on March 15, 1967, Farrell obtained the order to show cause with which we are concerned here.

The respondent, Secretary of the Navy, has cross-moved to dismiss the action for lack of jurisdiction and to vacate the order to show cause obtained by Farrell. The respondent contends that since no complaint has been filed as required by Rule 3, F.R.Civ.P., no action has been commenced or is pending in this court and there is nothing before the court over which it has jurisdiction. Complainant, on the other hand, argues that the judicial review proceedings under Section 552 of the Administrative Procedure Act contemplate some form of special summary proceeding which can be commenced merely by order to show cause without any compliance with the requirements of the Rules of Civil Procedure.

The Public Information Section of the Administrative Procedure Act provides for making available to members of the public information and records in the files of agencies under the executive branch of the government unless the information falls within specific categories of matters exempted from public disclosure. If the agency refuses to furnish information in its files to a member of the public the District Court is given jurisdiction to enjoin the agency from withholding such information. In such a proceeding the burden is on the agency to sustain its action. The District Court obtains jurisdiction "on complaint" of the party aggrieved.

The Federal Rules of Civil Procedure provide the normal course for beginning, conducting and determining controversies. Rule 1 directs that the Civil Rules shall govern all suits of a civil nature with certain exceptions stated in Rule 81, none of which are relevant here. Rule 2 directs that "There shall be one form of action to be known as 'civil action'." Rule 3 provides that "A civil action is commenced by filing a complaint with the court." Rule 4 provides for the issuance of a summons by the clerk and service "Upon an officer or agency of the United States by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency." None of these requirements has been followed in the case at bar.

As Judge Dawson stated in Warren v. Arzt, 18 F.R.D. 11 (S.D.N.Y.1955):

"An action may not be started by securing an order to show cause and serving it upon an agency of the United States. To commence an action, it is necessary that the Rules of Civil Procedure be complied with, that a complaint be filed, a summons issued, and service made as prescribed in the Rules. Any order to show cause would have to be ancillary to an action then pending."

See also New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 406–408, 80 S.Ct. 843, 4 L.Ed.2d 826 (1959); In the Matter of Arbitration between Children's Dress, Infant's Wear, Housedress and Bathrobe Makers' Union, Local 91, ILGWU, 183 F.Supp. 671 (S.D.N.Y. 1960); In re Market Basket, Inc., 122 F. Supp. 321 (W.D.Mo.1954).

Section 552(c) under which review is sought here is a part of the Administra-

tive Procedure Act. Section 703 of that Act provides:

"The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. * * *."

Section 552, the public information section of the Act, does not provide any special statutory review proceeding. The form of the proceeding to review under Section 703 is the appropriate form of legal action, in this case an action for an injunction.

It may be noted that Section 552 expressly provides that the District Court shall have jurisdiction "on complaint." The House Committee on Government Operations reported that a party aggrieved has the right under 5 U.S.C. § 552(c) "to file an action" in the District Court to review a refusal by an agency to supply information. H.R.Rep. No. 1497, 89th Cong., 2d Sess. 9 (1966). The Attorney General's memorandum on the section speaks in terms of the filing of a complaint in the appropriate district court and of the appropriate service of a copy of the summons and complaint. Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act 27 (June 1967).

There is neither justification nor authority for carving out an exception to the uniform and regular civil procedure laid down by the Federal Rules in this case. Since no complaint was filed and no summons was issued in the case at bar, no action has ever been commenced or is pending in this court. The court has no jurisdiction to act. The order to show cause is vacated and set aside as wholly void and the proceeding is dismissed.

It is so ordered.