Michael A. COLUCCI, Plaintiff,

v.

Rear Admiral Albert J. CARPENTER, Commander, U. S. Coast Guard, Third Coast Guard District, et al., Defendants.

No. 68 Civ. 3521.

United States District Court
S. D. New York.

Sept. 4, 1968.

Schulman, Abarbanel & Kroner, New York City, for plaintiff; Andrew T. McEvoy, Jr., New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, Louis E. Greco, Admiralty & Shipping Section, Dept. of Justice, New York City, Attorney in Charge, for defendants.

## MEMORANDUM

McLEAN, District Judge.

This is a motion for a preliminary injunction restraining a Hearing Examiner of the United States Coast Guard from "conducting a hearing on or determining any charges preferred by the United States Coast Guard against the plaintiff." Plaintiff also asks the court to enjoin, pendente lite, the District Commander of the Coast Guard and all officers and employees under his command "from taking any action in derogation of plaintiff's rights to a fair and impartial hearing and to the effective assistance of

counsel in connection with the charges now pending against plaintiff."

The facts alleged in the complaint and the moving papers, in so far as they are uncontradicted by the defendants, are as follows.

On August 22, 1968, plaintiff, a merchant seaman, was personally served with a written charge of misconduct and a notice that a hearing would be held on the charge by a Coast Guard Hearing Examiner on August 29, 1968. No copy of the charge has been submitted to the court, but the court is advised that plaintiff has been accused of assault and battery and of misappropriating the proceeds of a certain check.

On August 29 plaintiff appeared before the Hearing Examiner and requested an adjournment of at least ten days. The Examiner granted him an adjournment of six days, *i.e.*, until September 3, 1968. The six days included the Labor Day weekend. Later on August 29 plaintiff's attorney requested a further adjournment to September 23. The Examiner denied it but granted plaintiff one additional day, *i.e.*, until September 4.

Plaintiff's attorney thereupon devoted himself to preparing and filing a complaint in this action and to preparing an order to show cause bringing on this motion on September 3. Judge Wyatt signed the order to show cause an August 30. He provided that service of the order upon one of the named defendants, Lt. Cmdr. Ward, should be "sufficient service of this order upon all of the defendants." As far as appears, no defendant other than Ward has been served, nor has service been made upon the United States Attorney or the Attorney General in accordance with Rule 4(d) (4).

Shortly after the argument of this motion on September 3, the court was informed that the Hearing Examiner had put off the hearing for one more day. It is now scheduled to take place on September 5.

■ This motion is opposed by an attorney in the Admiralty and Shipping Section of the Department of Justice who states in his affidavit that he is in charge of the case "on behalf of the defendants." He moves to vacate the order to show cause on the ground that this court is without power to proceed because all defendants have not been served. The two cases cited in support of this contention, Warren v. Arzt, 18 F.R.D. 11 (S.D.N.Y.1955), and Farrell v. Ignatius, 283 F.Supp. 58 (S.D.N.Y.1968), were cases in which the complaint had not even been filed. Here the complaint has been filed and Judge Wyatt has directed that service upon one defendant shall be deemed adequate service upon all. In view of Judge Wyatt's order and also in view of the fact that the attorney seems to have appeared on behalf of all defendants, I will deny the motion to vacate the order to show cause on this ground.

46 U.S.C. § 239 provides for the investigation of seamen by the Coast Guard under regulations to be prescribed by the Coast Guard. Subdivision (g) of that section provides that the person whose conduct is under investigation "shall be given reasonable notice of the time, place, and subject of such investigation and an opportunity to be heard in his own defense."

The Coast Guard regulation, 46 C.F.R. § 137.05–15, provides that notice of the time and place of hearing and a copy of the charges and specifications shall be served upon the party charged "sufficiently in advance of the time set to give such person a reasonable opportunity to prepare his defense."

■ Plaintiff contends that he has not been given such a reasonable opportunity. He argues that the period between August 22, when he was first advised of the charges, and September 4 is so short as to amount to an unconstitutional deprivation of his right to counsel. This is apparently on the theory that he could not possibly prepare his

defense in these thirteen days. From this contention, plaintiff leaps somewhat rapidly to the conclusion that the Coast Guard is prejudiced against him, that it is motivated by bias, and that it proposes to violate his constitutional rights at the forthcoming hearing.

The moving affidavit, in the court's opinion, fails to substantiate these contentions. There is no showing in the moving papers that the preparation of a defense against these charges is so intricate that counsel could not properly accomplish it in thirteen days. There is no showing of any bias or prejudice against this plaintiff on the part of the Coast Guard. No such prejudice can be inferred from the mere fact that the Hearing Examiner failed to grant plaintiff as long an adjournment as plaintiff desired.

The moving papers make no showing which would justify this court in enjoining the Hearing Examiner from proceeding with the hearing and determining the validity of the charges. There is no basis for an admonition on the part of the court to the Coast Guard, as requested by plaintiff, that it take no action in derogation of his rights.

Moreover, it is clear that plaintiff has not exhausted his administrative remedies. If the Examiner finds against him and commits any error in so doing, plaintiff has a right of administrative review under the statute and the regulations.

46 U.S.C. § 239; 46 C.F.R. 137.11–1(b). If the final administrative decision is adverse to him, plaintiff may then obtain a judicial review of that decision under the Administrative Procedure Act, 5 U.S.C. § 704. Under these circumstances, the court is without jurisdiction to intervene at this stage of the administrative process. *See* Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839 (1946); McDevitt v. Gunn, 182 F.Supp. 335 (E.D.Pa.1960).

Pursuant to Rule 52(a), this memorandum constitutes the court's findings of fact and conclusions of law.

Plaintiff's motion for a preliminary injunction is denied. Defendants' cross motion to dismiss the action for lack of jurisdiction is granted.

So ordered.