800 P.2d 33

Alex BRYANT, Plaintiff–Appellee,

v.

The BLOCH COMPANIES, Fred Bloch, and Apache Pipeline Company, Defendants–Appellants.

No. 1 CA–CV 88–592.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 25, 1990.

Kevin T. Ahern, Suzan V. Pearlstein, Phoenix, for plaintiff-appellee.

Warner, Alvarez, McCarthy & Palmer by Donald R. Alvarez, David J. Catanese, Phoenix, for defendants-appellants.

## OPINION

BROOKS, Presiding Judge.

This appeal is from the trial court's order striking, for lack of jurisdiction, a motion for damages and attorney's fees incurred as the result of a wrongfully issued temporary restraining order. The trial court had previously quashed the restraining order because no complaint had ever been filed to commence an action. We hold that the pendency of an action is not a jurisdictional prerequisite to the imposition of sanctions under Rule 11, Arizona Rules of Civil Procedure. Accordingly, we reverse and remand for further proceedings.

## FACTS

The facts relevant to this appeal are not in dispute. In June 1987, appellants The Bloch Companies and Fred Bloch (collectively, "Bloch") contracted to perform certain residential restoration, remodeling,

and construction work, which included a sewer system. Appellant Apache Pipeline Company ("Apache") subcontracted to construct the sewer system. Appellee Alex Bryant, who lived near the subject property, initiated these proceedings on July 21, 1988, seeking an *ex parte* temporary restraining order to enjoin construction of the sewer line. Bryant was then represented by attorney Charles G. Tatham.

Based solely upon Bryant's affidavit and Tatham's attached certification regarding his attempts to notify Bloch of the proceedings, the trial court, Judge Pickrell presiding, issued the temporary restraining order and an order to show cause. No complaint was ever filed, nor was a summons issued in the trial court.

The trial court ordered Bryant to post a security bond in the amount of $5.00, but he failed to do so.[1] Nevertheless, Bryant caused Bloch and Apache to be served with the temporary restraining order and the order requiring them to appear and show cause why the "relief should not be given which is requested in the affidavit of plaintiff [Bryant]." Furthermore, contrary to both the express terms of the order to show cause and A.R.S. section 12–1803(C), Bryant failed to serve either Bloch or Apache with his affidavit.

Following Bloch and Apache's request for an accelerated hearing, the case was reassigned to Judge Patterson. On July 17, 1988, the date of the hearing, Bloch and Apache filed a motion to dissolve the temporary restraining order or, in the alternative, to increase the security. They alleged that the restraining order was substantively unjustified and that it was procedurally invalid because Bryant had failed to file a complaint, to serve Bloch and Apache with the affidavit, and to post the required bond.

At the hearing, attorney Tatham argued that a temporary restraining order may be issued solely upon affidavit, without any complaint having been filed. The trial court disagreed, pointing out that under A.R.S. section 12–1803(A), "[a]n injunction may be granted at the time of commencing the action *upon the complaint*, and at any time *afterward* before judgment upon affidavits." (Emphasis ours.) The trial court also observed that without a complaint, no cause of action was pending, and the matter was not properly before the court.

The trial court then entered an order quashing the temporary restraining order and giving Bryant ten days within which to pursue the matter by complying with requirements of the statutes and rules governing injunctive relief. Bryant took no further action on the matter during the next ten days.

On August 12, 1988, Bloch and Apache filed a motion for an award of damages, including attorney's fees. Among the statutes and rules advanced as authority for such an award were A.R.S. sections 12–341.01(C) and 12–349. Several days later, Bryant retained new counsel, attorney Kevin T. Ahern, who immediately filed a notice of dismissal pursuant to Rule 41(a)(1), Arizona Rules of Civil Procedure.[2] Ahern also moved to strike Bloch and Apache's motion for damages and attorney's fees, contending that the notice of dismissal divested the trial court of jurisdiction to entertain the motion. Bloch and Apache amended their motion, adding Rule 11, Arizona Rules of Civil Procedure, as grounds for awarding damages and attorney's fees. After a hearing, the trial court granted the motion to strike. This appeal followed.

---

**1.** Rule 65(e), Arizona Rules of Civil Procedure, provides that no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant in such sum as the court deems proper.

**2.** Rule 41(a) provides, in pertinent part, as follows:

    1. Subject to the provisions of Rule 23(c), or Rule 66(c), or of any statute, an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action....

    2. Except as provided in paragraph 1 of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

## DISCUSSION

Bloch and Apache present a number of issues on appeal, focusing primarily upon the application and effect of Rule 41(a)(1) in light of Bryant's failure to commence an action. They argue that the notice of dismissal was a nullity; that their motion to dissolve the injunction was the equivalent of a motion for summary judgment, precluding dismissal without leave of the court; and that even if Rule 41(a)(1) was applicable, it did not deprive the trial court of jurisdiction to award damages by way of a sanction. Finally, they assert that damages were awardable in the exercise of the court's "equitable jurisdiction."

We find Rule 41(a)(1) to be of little significance in this case. The critical fact here is not that the trial court was divested of jurisdiction, but that its jurisdiction was never invoked in the first place. The dispositive question is whether—and to what extent—the pendency of a cause of action defines a court's jurisdiction to sanction an attorney or party for abuse of the legal system.

### 1. Commencement of an Action

■ Rule 1 of the Arizona Rules of Civil Procedure directs that the civil rules "govern the procedure in superior courts of Arizona in all suits of a civil nature whether cognizable as cases at law or in equity." Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court."

Federal courts, interpreting the identical Rule 3, Federal Rules of Civil Procedure, have held that a civil action is not commenced merely by obtaining an order to show cause; the court's jurisdiction is invoked only by the filing of a complaint.

> An action may not be started by securing an order to show cause and serving it.... To commence an action, it is necessary that the Rules of Civil Procedure be complied with, that a complaint be filed, a summons issued, and service

made as prescribed in the Rules. *Any order to show cause would have to be ancillary to an action then pending.* *Warren v. Arzt,* 18 F.R.D. 11, 13 (S.D.N.Y. 1955) (emphasis added). *See also In re Market Basket, Inc.,* 122 F.Supp. 321 (W.D. Mo.1954); *Farrell v. Ignatius,* 283 F.Supp. 58 (S.D.N.Y.1968).

■ The trial court correctly concluded that Bryant's failure to file a complaint left it without jurisdiction over a cause of action. The next question is whether the trial court was thus constrained to strike the motion for damages and attorney's fees.[3]

### 2. Jurisdiction to Impose Sanctions

■ Bloch and Apache maintain that even without jurisdiction over a cause of action, the trial court could have awarded damages and attorney's fees under A.R.S. section 12–341.01(C), section 12–349, or Rule 11, Arizona Rules of Civil Procedure. As far as the statutes are concerned, we disagree.

Arizona Revised Statutes section 12–341.-01(C) provides:

> Reasonable attorney's fees shall be awarded by the court *in any contested action* upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith. In making such award, the court may consider such evidence as it deems appropriate and shall receive this evidence during trial on the merits of the cause, or separately, regarding the amount of such fees as it deems in the best interest of the litigating parties.

(Emphasis added.) Similarly, section 12–349 provides:

> A. Except as otherwise provided by and not inconsistent with another statute, *in any civil action commenced or appealed in a court of record in this state,* the court shall assess reasonable attorney

---

**3.** In his answering brief on appeal, Bryant seems to suggest that when the trial court struck Bloch and Apache's motion for damages, it was, in effect, *denying* the motion and granting leave for dismissal under Rule 41(a)(2). The record demonstrates, however, that the trial court did not address the motion on its merits.

fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

2. Brings or defends a claim solely or primarily for delay or harassment.

3. Unreasonably expands or delays the proceeding.

4. Engages in abuse of discovery.

(Emphasis added.)

According to the plain language of these statutes, a court's authority to award damages and/or attorney's fees is dependent upon the existence of an "action" commenced or pending in that court. Because no action was ever commenced here, the trial court was without jurisdiction to award damages or attorney's fees under either statute.

■ On the other hand, Rule 11, Arizona Rules of Civil Procedure, contains no such limiting language. In relevant part, the rule provides:

(a) **Signing of pleadings, motions and other papers; sanctions.** Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

■ Nothing in Rule 11 purports to require the pendency of an action as a prerequisite to the imposition of sanctions. Furthermore, cases interpreting the identical federal rule have held that courts have inherent jurisdiction to impose sanctions even absent jurisdiction to consider the merits of the case. *See, e.g., Wojan v. General Motors Corp.,* 851 F.2d 969 (7th Cir.1988) (court has inherent authority to determine its jurisdiction and to engage in all the usual judicial acts, including imposing Rule 11 sanctions, even though it has no power to decide case on merits); *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.,* 792 F.2d 797 (9th Cir.1986) (dismissal of action for lack of subject matter jurisdiction did not preclude trial court from imposing sanctions under Rule 11); *see also Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir.1987), *cert. dismissed* 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988) (trial court retained jurisdiction to impose Rule 11 sanctions despite a Rule 41(a)(1) dismissal; responsibility to answer for violation of Rule 11, as for contempt of court, accompanies the act); *Greenburg v. Sala,* 822 F.2d 882 (9th Cir.1987) (dismissal pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure, did not deprive the court of jurisdiction to impose Rule 11 sanctions).

Nevertheless, Bryant argues that under *Boone v. Superior Court,* 145 Ariz. 235, 700 P.2d 1335 (1985), an Arizona trial court may not impose sanctions under Rule 11 without first considering the merits of the underlying claim. In *Boone,* the trial court had dismissed a meritorious claim as a Rule 11 sanction because at the time the complaint was filed, plaintiff's counsel had lacked specific evidence to support it. Our supreme court reversed, finding that no Rule 11 violation had occurred. In so holding, the court stated:

Rule 11 is violated by the filing of a pleading when the party or counsel knew, or should have known by such investigation of fact and law as was reasonable and feasible under all the circumstances, that the claim or defense was insubstantial, groundless, frivolous, or otherwise unjustified. It is also violated by the filing of pleadings for an improper purpose such as those intended to harass, coerce, extort, or delay. *The merits of all such improper pleadings are to be dealt with under the appropriate rules designed to address such claims or defenses—Rule 16 (pretrial conferences), Rule 12 (dismissal for failure to state a claim, judgment on the pleading, more definite statement, or striking for insufficient defense), or Rule 56 (summary judgment).* In addition to action under the cited rules, the court may impose upon the offending attorney or party the sanctions provided under Rule 11....

*Id.* at 241–42, 700 P.2d at 1341–42 (citations omitted; emphasis added). Without jurisdiction to "deal with the merits" of an allegedly improper pleading, argues Bryant, the trial court could not impose sanctions under Rule 11.

Because the peculiar facts of this case readily distinguish it from *Boone*, we disagree. Here, no inquiry into the merits of Bryant's pleading was necessary to a determination that it was improper. The trial court lacked jurisdiction to address the merits of the pleading precisely *because* it was improper.

We hold that insofar as Bloch and Apache's motion requested sanctions under Rule 11, the trial court erred in striking it. The trial court correctly ruled, however, that it lacked jurisdiction to award damages or attorney's fees under A.R.S. section 12–341.01(C) or 12–349.

### ATTORNEY'S FEES

Bloch and Apache have requested an award of attorney's fees on appeal. We deny this request as premature; no court has yet determined whether Bryant or attorney Tatham violated Rule 11. On remand, however, should the trial court find that a Rule 11 violation has occurred, we direct that any amounts imposed as a sanction for that violation include a reasonable attorney's fee for this appeal.

### CONCLUSION

The order of the trial court striking Bloch and Apache's motion for an award of damages is reversed, and this matter is remanded to the trial court for proceedings consistent with this decision.

FIDEL and TAYLOR, JJ., concur.