Smith, J.
(dissenting). Because we cannot agree that this proceeding would have been "subject to dismissal” only if respondents had "timely objected to the defective filing” which occurred here (majority opn, at 722), we dissent and would affirm the order of the Appellate Division.
*724 The facts are not in dispute. The petitioner’s attorney went to the Westchester County Clerk with an unsigned order to show cause, the original petition, an application for an index number, a request for judicial intervention and a check for the filing fee. Only a blank copy of the order to show cause and a copy of the request for judicial intervention were retained by the clerk. The original papers were brought to the Justice assigned to the matter. The assigned Justice modified the proposed order to show cause, signed the revised order and retained the original.
Petitioner thereafter served a conformed copy of the order to show cause but failed to file a conformed copy with the Westchester County Clerk. Moreover, the original order to show cause had not been forwarded to the clerk of the court when Supreme Court, sua sponte, dismissed the action pursuant to CPLR 304 on the ground that petitioner failed to file "a copy of an executed order to show cause.” The Appellate Division affirmed the dismissal.[1]
CPLR 304 states, in relevant part,
"A special proceeding is commenced by filing a notice of petition or order to show cause and a petition[2] with the clerk of the court in the county in which the special proceeding is brought. * * * For purposes of this section, and for purposes of section two hundred three of this chapter, filing shall mean the delivery of the summons with notice or summons and complaint to the clerk together with any fee required as specified in rule twenty-one hundred two of this chapter for filing.”
Petitioner, who had not previously objected to the sua sponte nature of Supreme Court’s inquiry into petitioner’s compliance with CPLR 304, now contends for the first time, on appeal to this Court, that Supreme Court lacked the authority to conduct such an inquiry.
*725 The majority, in agreeing with the petitioner that Supreme Court acted without authority in dismissing this special proceeding, excuses the failure to comply with CPLR 304 by concluding that the filing requirement may be waived, despite its assertion that "[s]trict compliance with CPLR 304 and the filing system is mandatory” (majority opn, at 723). Moreover, the majority’s holding permits parties to return to the commencement-by-service system which the Legislature clearly intended to supersede. Such a result is neither required nor supported by the plain language of the CPLR, legislative intent, or prior law.
As the majority notes, the "commencement” of an action or special proceeding serves as the triggering event for the calculation of time periods relevant to certain statutory requirements which may be waived, such as compliance with the Statute of Limitations and procedures for service of process (see, majority opn, at 719-720).. However, "commencement” also serves the crucial function of notifying a court that a party desires the court’s involvement in a particular matter.
It cannot be denied that a court may not intrude uninvited into any dispute it finds of interest; the exercise of judicial authority must await the invitation of a party to resolve a particular dispute. The idea that a court may sua sponte initiate proceedings or assert jurisdiction in a particular case, in the absence of a clear request for such intervention, is untenable because our judicial system simply does not function in that manner. Seemingly, the corollary of this self-evident proposition would also be true: a disputant cannot expect a court to exercise any authority over a matter until the court has been properly informed of the dispute and its power to act invoked according to prescribed law.
In New York State, the procedural mechanism for bringing a matter to the attention of a court is to "commence” an action or special proceeding by following the steps outlined in CPLR 304. Thus, "commencement” is a term of art defined by statute which further specifies "filing” as the dispositive event. Until an action has been commenced, a court cannot be expected to conduct any type of proceeding because there is simply nothing before the court. This is not a mere technicality. It is the essential key to the courthouse door and exercise of judicial power. Since a court cannot exercise subject matter jurisdiction over a matter which has not been brought before it, or personal jurisdiction over hypothetical parties, compliance with the legislatively mandated commencement-by-filing *726 system is a substantive and necessary condition precedent to the exercise of judicial authority which cannot be waived.
Although the failure to satisfy a condition precedent may not always function as an absolute bar in all cases, where, as here, the condition is fundamental to even start the action, and is statutory in origin, the failure to satisfy the condition, a threshold prerequisite, acts as an absolute bar to the exercise of judicial authority (cf., Copeland v Salomon, 56 NY2d 222, 229 [" 'The rule requiring leave to sue a receiver is not statutory and is not elementary to the action’ ” and thus not a condition precedent which affects the jurisdiction of the court] [quoting from Pruyn v McCreary, 105 App Div 302, 304, affd 182 NY 568]). Indeed, in Dreger v New York State Thruway Auth. (81 NY2d 721), a commencement-by-filing case, we have held that the failure to meet the "literal” requirements for commencing various actions compelled the conclusion that the actions had not been timely commenced. In Dreger, this Court was faced with the question of whether an action brought pursuant to section 11 of the Court of Claims Act had been properly commenced. Like the present system, section 11 at that time required the filing of a claim or notice of intention with the clerk of the court and service of such claim or notice on the Attorney-General (with one exception not applicable in Dreger) (L 1984, ch 427). Although the claimants had satisfied the filing requirement, they failed to serve the Attorney-General in accordance with the applicable statutes. We held that the actions had not been properly commenced.
In holding that the filing requirement of CPLR 304 and thus, commencement, may be waived, the majority asserts that "improper commencement was always waivable under the predecessor system” (majority opn, at 720) and that the "same result should obtain” in the present system (majority opn, at 720). However, since personal jurisdiction was a prerequisite to the proper commencement of an action under the predecessor system, and personal jurisdiction may always be waived by the parties, it is not accurate to conclude that commencement, separate and apart from personal jurisdiction, was subject to waiver under the prior scheme.
Under the predecessor system, CPLR 304 provided that, "An action is commenced and jurisdiction acquired by service of a summons. A special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause " (L 1962, ch 308 [emphasis added]; see also, Fleming v Long Is. R. R., 72 NY2d 998, 999-1000 ["(T)he required service *727 of a summons and complaint * * * commences the action and enables the court to acquire jurisdiction over the defendant (see, CPLR 304)”]). Since the dispositive event under the prior system of commencing actions was "service,” the doctrine of personal jurisdiction was inextricably linked to the concept of commencement. But rather than disparate concepts which could be separately waived, our jurisprudence indicates that we have viewed personal jurisdiction as a prerequisite to the proper commencement of an action.
We have held that where a party successfully demonstrates that a court lacks personal jurisdiction, the action has not been properly commenced. In Parker v Mack (61 NY2d 114, 118) we stated, "in no case cited have we held that an action has been ’commenced’ * * * when that action was terminated by reason of a deficiency related to obtaining jurisdiction over the person of the defendant.” (See also, Markoff v South Nassau Community Hosp., 61 NY2d 283, 286 ["An action will not be deemed ’commenced,’ however, until there has been proper service of a summons upon a defendant in compliance with the appropriate method prescribed by the CPLR. Therefore, when an action is dismissed for lack of personal jurisdiction because service of the summons was defective, or because service never occurred, CPLR 205 (subd [a]) will not apply notwithstanding a defendant’s actual notice, because the action was never ’commenced,’ within the meaning of that statute”]; Fleming v Long Is. R. R., supra, 72 NY2d, at 999 [”(W)hen an action is dismissed for lack of personal jurisdiction based on defective service, the original action was never ’commenced’ ”]; Wydallis v United States Fid. & Guar. Co., 63 NY2d 872, 874 [dismissal for lack of personal jurisdiction bars recommencement under CPLR 205 since original action had not been timely commenced].)
Under the majority’s interpretation of the prior system, lack of personal jurisdiction would not necessarily result in the conclusion that an action had not been commenced since the parties could waive defective commencement by waiving defective service of process. However, the majority can point to no case under the predecessor system dealing with the waiver of commencement alone, or which separately analyzes whether a party who has waived personal jurisdiction has also waived commencement of the action. Our jurisprudence simply assumes that when a court lacks personal jurisdiction over the parties, the action has not been commenced. Thus, the assertion that parties could waive commencement of an action under the prior system is inaccurate. Under the prior system, parties *728 could waive objections to personal jurisdiction, and personal jurisdiction was treated as a necessary predicate to the commencement of an action.
Notably, the Legislature specifically removed the word "jurisdiction” from CPLR 304 via the 1992 amendments, and provided separate procedures for filing proof of service (see, CPLR 306-b). In doing so, the Legislature deliberately separated the concept of commencing an action from personal jurisdiction, making "filing” the dispositive event for commencement. Thus, it is not surprising, as the majority notes, that the word "jurisdiction” is absent from CPLR 304 (see, majority opn, at 719). By separating "commencement” from the concept of personal jurisdiction, and generally requiring that proof of service be filed within 120 days after the filing which commences the action, the Legislature explicitly made commencement of the action a necessary precondition to the exercise of personal jurisdiction. Consequently, waiver, a doctrine unquestionably applicable to personal jurisdiction, cannot be as easily or casually transferred and applied to commencement of an action or special proceeding.[3]
The majority provides no statutory support for equating the filing requirement in CPLR 304 with Statute of Limitations concerns and service of process issues, both characterized as "waivable matters of primary concern to the parties” (majority opn, at 720), simply because none exists. Despite the majority’s repeated assertions that a defendant or respondent must move to dismiss the action or raise an objection to improper commencement in the answer, there is no CPLR provision which deals with improper commencement due to defective filing. In stark contrast, CPLR 3211 (a) (5) and (8) specify that a motion is required to obtain a dismissal on Statute of Limitations grounds or for lack of personal jurisdiction.
The majority’s statement that the "threshold filing defect [here] does not authorize a sua sponte dismissal” (majority opn, *729 at 716) is circular. No "authority” is necessary to dismiss an action which has been improperly commenced because the court’s power has never been validly invoked. However, if, as the majority contends, the Legislature intended to render invalidly commenced actions and proceedings "subject to dismissal,” authorization for such a remedy would have been provided in the CPLR since that statute contains various provisions under which dismissal of actions may be obtained.
As the majority notes, filing, service of process and Statute of Limitations are related concepts for some purposes. However, they are statutorily and procedurally distinct concepts which are not fungibly interchangeable for all purposes such as are implicated in this case. For example, pursuant to CPLR 3211 (e), the defense of Statute of Limitations may be raised either by motion or in the responsive pleading. A motion to dismiss based on lack of personal jurisdiction, on the other hand, must be raised by motion if defendant moves for dismissal on any other CPLR 3211 (a) grounds; otherwise the objection is deemed waived.
Furthermore, in holding that the petitioner waived the defective filing here by appearing without making a specific objection, whether by motion or in the answer, the majority sanctions a return to the commencement-by-service system. Since a defendant or respondent does not receive notice of an action until service has been effected, and indeed, cannot answer or contest the propriety of commencement until then, service of process is again reinstated, judicially, as the dispositive timing event for the consideration of such challenges.[4]
Worse still, unlike the prior system, defendants and respondents must now make a trip to the courthouse after process has been served in order to ascertain whether the action has been properly commenced. The majority offers no justification for the imposition of such an affirmative burden which bestows undue advantage on plaintiffs and petitioners who can be careless about the very first actions undertaken to bring anyone before a court. As initiators of an action or a special proceeding, plaintiffs and petitioners may opt for a forum convenient *730 to them but inconvenient to others. Thus, ironically, the party on the receiving end of a concededly improperly commenced action is forced to take affirmative steps to determine whether the "initiating” adversary complied with the CPLR. This turns the process of starting a lawsuit on its head.
We have recently noted the procedure for commencing a special proceeding,
"The procedure to commence a special proceeding, and its statutorily prescribed sequence, is manifest from the terms of the commencement-by-filing statute: the petitioner must first purchase an index number and file with the court a notice of petition or order to show cause along with a petition, then effect service of the filed papers on respondent, and finally file proof of service with the court within the statutory period (see, CPLR 304, 306-a, 306-b [a]). Basic to this statutory procedure is the rule that the papers served must conform in all important respects to the papers filed (see, Siegel’s Prac Rev No. 19, at 2 [May 1994]; Shivers v International Serv. Sys., 220 AD2d 357 [service of summons and complaint on defendant added to caption after filing is ineffective])” (Matter of Gershel v Porr, 89 NY2d 327, 332).
By now stating that defective filing "should be waivable” (majority opn, at 720), the majority fosters serious uncertainty as to which or whether any of the various elements of filing specified in CPLR 304 — the payment of fees, the delivery of documents to the clerk of the court or the proper form of initiatory documents — must be present for proper commencement of an action or special proceeding. Moreover, the central emphasis placed by the majority on collecting revenue is seriously misplaced, as other important jurisprudential values are at stake.
Indeed, the majority calls into serious question our recent statement in Gershel that "service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced” (Matter of Gershel v Porr, supra, 89 NY2d, at 330 [emphasis added]; see also, majority opn, at 719). The majority’s conclusions that such a "nullity” could have been waived is a *731 major contradiction with recent precedent and predictable litigation practice.[5]
Furthermore, notwithstanding the speculation of academics and commentators that "defects” in the commencement of actions are only of primary interest to parties, and should thus be subject to waiver, a party does not have the institutional interest of a court in the integrity, uniformity, regularity and even-handed application of the filing system, the payment of filing fees, or the delivery of documents to the clerk of the court.
Finally, the majority’s reliance on a footnote in Schlesinger v Councilman (420 US 738) for the proposition that the Federal system would permit a party to waive the defect in commencement which occurred here is inapposite. In Schlesinger, an Army Captain who faced court-marital charges for the sale, transfer and possession of marihuana brought an action in Federal District Court to enjoin military authorities from proceeding with the court-martial. The District Court granted a permanent injunction and the Court of Appeals affirmed on the ground that the court-martial charges were not related to the Captain’s service in the Armed Forces. The Supreme Court held that article 76 of the Uniform Code of Military Justice did not bar the District Court lawsuit, assuming that the requisite amount in controversy existed, since the District Court had "arising under” subject matter jurisdiction over the case (see, 28 § USC 1331 ["The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States”]). Nevertheless, the Supreme Court held that "[although the District Court may have had subject-matter jurisdiction, we think that the balance of factors governing exercise of equitable jurisdiction by federal courts normally weighs against intervention, by injunction or otherwise, in pending court-martial proceedings” (id, 420 US, at 740). Thus, as an initial matter, the footnote relied upon by the majority clearly falls into the category of dicta since the Supreme Court held that the District Court should not have exercised jurisdiction over the matter.
*732 Second, footnote 5 indicates that though a properly denominated complaint was not filed, the papers filed included a motion for a temporary restraining order and a preliminary injunction, a supporting affidavit and briefs, papers which were a substitute for a complaint and thus adequate to give notice of the claim. No comparable papers were filed here.
Schlesinger is also distinguishable on the ground that the defect there involved a failure of pleading which could be cured by reference to another provision of the Federal Rules of Civil Procedure. There is no analog in the CPLR sufficient to cure the defect at issue here since the flaw did not arise from defective pleading. Petitioner’s filing was defective because "an unexecuted order to show cause is of no legal effect” (majority opn, at 717). Apparently, a document with "no legal effect” may be waived into effect by an inattentive party.
Indeed, the Supreme Court has observed,
"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law’ ” (Baldwin County Welcome Ctr. v Brown, 466 US 147, 152).
Like the petitioner here, the respondent in Baldwin filed a document with no legal effect, a right-to-sue letter issued by the Equal Employment Opportunity Commission, in lieu of a complaint. By the time respondent filed a proper complaint, her 90-day period for "invoking the court’s jurisdiction” (id., at 149), that is, to sue the party named in the letter pursuant to title VII of the Civil Rights Act of 1964, had expired. The District Court, sua sponte, dismissed respondent’s title VII claims (see, 466 US, at 163 [Stevens, J., dissenting]), since the right-to-sue letter did not constitute a complaint and rule 3 of the Federal Rules of Civil Procedure provides that an action is commenced by filing a complaint with the court. The Court of Appeals reversed.
The Supreme Court upheld the dismissal of the title VII claims. Since the right-to-sue letter did not meet the requirements of a complaint, respondent’s filing of the letter did not commence a title VII action and the District Court’s sua sponte *733 dismissal of respondent’s title VII claims was proper. Similarly, the sua sponte dismissal of petitioner’s special proceeding here was proper given petitioner’s failure to comply with the procedural requirements established by the Legislature for gaining access to State courts.
Other Federal courts have also held that the failure to properly commence an action because of a defect in the initiatory document deprives the court of power to act (see, e.g., Application of Howard, 325 F2d 917, 919-920 [ordering the dismissal of an "application” for "failure to comply with the applicable rules of civil procedure” where the party failed to file a complaint and to "proceed in such manner as the rules of civil procedure prescribe”]; Farrell v Ignatius, 283 F Supp 58, 60 ["Since [only an affidavit and] no complaint was filed and no summons was issued in the case at bar, no action has ever been commenced or is pending in this court. The court has no jurisdiction to act. The order to show cause is vacated and set aside as wholly void and the proceeding is dismissed”]; Warren v Arzt, 18 FRD 11, 13 ["To commence an action, it is necessary that the Rules of Civil Procedure be complied with, that a complaint be filed, a summons issued, and service made as prescribed in the Rules. * * * Since no action has ever been commenced or is pending in this Court, this Court obviously has no jurisdiction to act”]; In re Market Basket, 122 F Supp 321, 322 ["Inasmuch as no action has been commenced or is pending in this court in respect of this matter, it follows that the jurisdiction of the court has never been invoked and that the ex parte order signed and entered herein by the court on September 9, 1953, is, and always was, wholly void”]).
The majority has cited no case, nor could it, for the proposition that an appropriately attentive Justice in Supreme Court cannot, on the court’s own motion, examine and rule on its own power to act where the file in the custody of the clerk of the court shows, on its face, that jurisdiction was not properly and regularly invoked.[6] The court in such circumstances should not be relegated to the role of a passive observer. As to this, the court is a full participant in issues concerning its own power.
It should be clear that what the majority considers *734 waived by the petitioner here is not only an objection to defective commencement of a proceeding but also the court’s lack of power to exercise jurisdiction over this matter or the parties involved in this dispute. That is not a matter a party has or should have unilateral power over; it always resided with the court itself, especially at the outset of its undertaking the responsibility of deciding a properly commenced lawsuit.
We would affirm the order of the Appellate Division on the ground that petitioner failed to properly commence this special proceeding.
Chief Judge Kaye and Judges Titone, Levine and Wesley concur with Judge Ciparick; Judge Smith dissents and votes to affirm in a separate opinion in which Judge Bellacosa concurs.
Order reversed, etc.

. The blank order to show cause was filed in this case on March 7,1994. The signed order to show cause, which was never filed with the clerk of the court, was made returnable on April 8, 1994. The order to show cause and petition were served on March 14,1994. The verified answer was dated April 22, 1994. Supreme Court’s order dismissing the proceeding was dated May 5, 1994.

2. At the time the blank order to show cause was filed in this case on March 7,1994, CPLR 304 did not require that a petition be filed with the order to show cause. That requirement was added by the Legislature in 1994 (see, L 1994, ch 563 [eff July 26, 1994]).

. We do not agree with the majority’s prediction that vacaturs of "devastating” proportions would result from adopting our view (see, majority opn, at 720, n 3). We reiterate that under the prior system, commencement of an action was not treated as a concept separate and apart from personal jurisdiction, although personal jurisdiction was required for proper commencement. The Legislature has since superseded this system by amending the CPLR and it is the commencement-by-filing system at issue here. We fail to understand how holding that "the delivery of the summons with notice or summons and complaint to the clerk together with any fee required” cannot be waived would render any judgments entered under the prior system of commencement invalid.

. Contrary to the majority’s conclusion, our "grievance” (see, majority opn, at 721, n 4) does not arise from the CPLR itself. Absent the majority’s holding that the "filing” element of commencing actions and special proceedings may be waived, service of process would be an unimportant timing event for "commencement.” Moreover, in contrast to the predecessor commencement-by-service system, CPLR 304 now specifies filing, not service, as the dispositive event for commencement.

. The majority’s attempt to counter this point by characterizing it as a concern with defective service of process is misplaced (see, majority opn, at 720, n 2). We do not quarrel with the proposition that parties may consent to personal jurisdiction by appearing in an action without objection. However, as we stated in Gershel, we do not agree that parties who have failed to file the proper initiatory papers, which results in a nullity, may suddenly find themselves in a validly commenced action or special proceeding merely because a defendant or respondent has "appeared.”

. In Gershel, where a petitioner had withdrawn an order to show cause and petition rather than proceed with a hearing on improper service, this Court noted that "Supreme Court was thereafter without authority to retain 'jurisdiction’ over a proceeding in which jurisdiction over respondent had not been established and the crucial initiatory paper abandoned” (89 NY2d, at 332).