**Dick WADDELL, Plaintiff
and Appellant,**

v.

**DEWEY COUNTY BANK, a state banking corporation; Mabsco Agricultural Services Corp., a corporation; and Rabobank of the Netherlands, a foreign banking corporation, Defendants and Appellees.**

No. 17305.

Supreme Court of South Dakota.

Considered on Briefs April 24, 1991.

Decided June 12, 1991.

Jeff Masten of Masten & Fox Canton, for plaintiff and appellant.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellee, Dewey County Bank.

AMUNDSON, Justice.

Dick Waddell (Waddell) appeals from a decision of the trial court granting summary judgment to Dewey County Bank (Bank) on Waddell's claim for breach of fiduciary duty. We affirm.

### FACTS

Waddell is a life-long rancher who has operated on a large scale basis near Isabel, South Dakota. For the majority of his ranching career, Waddell obtained financing through the First National Bank of Lemmon, South Dakota, where he maintained an operating line of credit which varied from approximately $1.0 million per year to $1.4 million per year. In anticipation of retirement, Waddell sold much of his land on contracts for deed in 1981, and

sold his farm machinery in 1982. He then paid all his debts at the First National Bank in Lemmon and transferred his personal account to Dewey County Bank. Shortly thereafter, the purchasers on the contracts for deed defaulted, and Waddell reacquired the ranch land and began operating the ranch once again to satisfy outstanding mortgages on the property.

In 1984, Waddell sought and obtained a one-year operating loan from Bank for approximately $1.3 million to cover operating expenses and for debt retirement. At that time, Bank had a legal lending limit of approximately $250,000. Waddell testified that he was aware of this lending limit, and that Bank contacted him when a participating bank was located which would handle the portion of the operating loan which exceeded Bank's legal lending limit. Bank, working with an agricultural credit service called Mid–American Agricultural Services, Inc. (MASI), an arm of Mid–America Banking Services Company (MABSCO), secured Rabobank of the Netherlands (Rabobank), a foreign banking corporation, to fund Waddell's 1984 operating loan.[1] In doing so, Rabobank became the participating bank, funding that portion of Waddell's 1984 operating loan in excess of Bank's legal lending limit.

Waddell claimed that Bank did not tell him any of the details surrounding the participation of the loan, including the alleged experimental nature of the participation agreement, and that the transaction was structured as a series of one-year notes. At his deposition, however, Waddell admitted that he knew, and Bank made him aware, that each year's operating loan was a separate transaction, that he would have to renegotiate an operating loan for each succeeding year, that the loan funding provided by Rabobank did not extend past the one-year period of the operating loan, and that he was never promised by either Bank, MASI, MABSCO, or Rabobank that he

1. Although MABSCO Agricultural Services Corporation, and Rabobank of the Netherlands are named as defendants in both the complaint and the notice of appeal, there is no proof in the settled record that they were ever served with a copy of the complaint in this matter, and they

have not appeared in this action. The trial court specifically limited its decisions to have binding effect only on Waddell and Dewey County Bank, the parties who appeared in this action.

would receive another loan for the next year's operation.

In 1985 and 1986, Waddell continued to obtain over-line financing for the operation of his ranching business, and made his payments in a timely manner. In late 1986, Waddell again applied for an operating loan to fund the next year's operation. In December 1986, Bank informed Waddell that his loan application had been turned down by MABSCO and the secondary lender, Rabobank. Bank had been advised that the loan was turned down because Rabobank was no longer permitted to use real estate mortgages to partially collateralize loans, however, Bank had no prior notice that there had been a change in the credit criteria utilized by MABSCO and Rabobank. After learning that Rabobank would not participate in the over-line loan to Waddell, Bank sought another financial institution to participate in the loan to Waddell. However, Bank was unable to find a financial institution with sufficient lending authority that was willing to finance the over-line loan on such short notice. Bank has continued to finance Waddell's operation, by lending him the maximum amount allowed under the law.

Waddell commenced this suit in 1989, alleging, inter alia, that Bank had breached a fiduciary duty to him, breached an implied covenant of good faith and fair dealing, breached a contract with him, and was guilty of fraud. Bank brought a motion for summary judgment. At the time the motion for summary judgment was heard, Waddell abandoned all claims against Bank, with the exception of his claim for breach of fiduciary duty. The trial court ruled in favor of Bank, and granted their motion for summary judgment. This appeal followed.

## ISSUE

Did the trial court err in ruling that Dewey County Bank owed no fiduciary duty to Waddell?

## ANALYSIS

 The standard of review of a grant or denial of summary judgment is well settled. The principal considerations were summarized in *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 836–37 (S.D.1990):

'In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.'

(Quoting *Pickering v. Pickering*, 434 N.W.2d 758, 760–61 (S.D.1989) (citations omitted)). With these considerations in mind, we address the merits of Waddell's appeal.

 Both parties concede that the seminal, controlling case regarding a bank's fiduciary duty to a borrower is *Garrett*, 459 N.W.2d at 836.[2] However, the parties dispute the application of *Garrett* to this case. In *Garrett*, we observed that the relationship between a bank and borrower is generally viewed as a debtor-creditor relationship which imposes no special or fiduciary duties on a bank. *Garrett* held that the relationship between a bank and its borrower can become a fiduciary relationship only if (1) the borrower reposes faith, confidence, and trust in the bank, (2)

**2.** The trial court issued its memorandum opinion granting Dewey County Bank summary judgment on July 17, 1990. On July 20, 1990, summary judgment was entered for Dewey County Bank. Our decision in *Garrett* was handed down on August 1, 1990. Thus, while *Garrett* is the seminal case, the trial court did not have the benefit of our opinion in reaching its decision.

the borrower is in a position of inequality, dependence, weakness, or lack of knowledge, and (3) the bank exercises dominion, control, or influence over the borrower's affairs. *Id.* at 838; *Union State Bank v. Woell,* 434 N.W.2d 712, 721 (N.D.1989). All three elements must be present to establish a fiduciary duty between a bank and a borrower. 459 N.W.2d at 838; *Woell,* 434 N.W.2d at 721.

■ We are of the opinion that the trial court correctly ruled that there are no genuine issues of material fact that create a jury question as to the existence of a fiduciary relationship between Waddell and Bank. While the moving party bears the burden of persuasion and all the evidence must be viewed in a light most favorable to the nonmoving party, it is well established that the nonmoving party must direct the court's attention to specific facts in the case which demonstrate a genuine and material issue for trial. *Breen v. Dakota Gear & Joint Co.,* 433 N.W.2d 221 (S.D.1988); *Laber v. Koch,* 383 N.W.2d 490 (S.D.1986). The focus of Waddell's argument is that Bank had an advantage over him because they negotiated the participation agreement, and knew or should have known that there might be a substantial risk associated with the participation arrangements with MASI and Rabobank. He contends that the existence of such a risk gives rise to a fiduciary duty to tell him that the participating bank might reject his subsequent loan applications because of possible changes in the participating bank's credit requirements. Waddell failed to cite any authority for this alleged duty to apprise a debtor of all aspects and risks associated with a participation agreement or how this type of relationship gives rise to a corresponding and commensurate duty under traditional tort analysis. SDCL 15–26A–60(6); *Nielsen v. McCabe,* 442 N.W.2d 477 (S.D.1989). Having failed to cite authority for such a proposition, that issue is deemed waived. SDCL 15–26A–60(6); *Nielsen,* 442 N.W.2d 477.

The upshot of Waddell's claim is that he trusted Bank to continue to loan him money because he had regularly and timely paid all his loan obligations to Bank. He also contends that the fiduciary relationship existed because Bank negotiated the participation agreement with MASI and Rabobank and therefore had more knowledge of the facts than did he. In effect, Waddell seeks to hold Bank liable for the refusal of MASI and Rabobank to continue to finance the over-line portion of his loan. Even assuming the facts as alleged by Waddell to be true, he has failed to establish a fiduciary relationship between himself and Bank. The mere fact that he believed that if he kept his loan accounts current with Bank he would continue to receive loans for his operating expenses in each succeeding year, does not establish the type of faith, confidence, or trust that a borrower must place in his or her bank to establish the first element of the fiduciary relationship.

Second, Waddell's claim that Bank had more knowledge of participation arrangement with MASI and Rabobank does not establish that Waddell himself was in a position of inequality, dependence, weakness, or lack of knowledge. This is not the first time that Waddell has been involved in financing his ranching operations through correspondent banking relationships. Waddell admitted under oath that during the period of time when he financed his operation through the First National Bank in Lemmon, he was regularly involved in correspondent banking relationships such as the one at issue here. He contends, however, that "[t]he entirety of his knowledge and experience was that if he made his loan payments in a timely manner, he got new loans." Here, as in *Garrett,* Bank did not have an advantage over borrower by way of business intelligence, knowledge of the facts involved, or mental strength. Waddell contends that this case is unlike *Garrett,* because the borrower in Garrett had failed to make loan payments, and here Waddell fully performed each and every obligation imposed on him by the terms of his agreement with Bank. He claims that because he continued to make timely payments on all of his loan obligations to Bank, and because Bank wanted to finance his operation, he believed Bank would con-

tinue to make loans to him because of the existence of a participation agreement with MASI and Rabobank. This is insufficient to establish that Waddell was in a position of inequality or dependence in his relationship with Bank, and again, no authority was presented for the existence of an obligation on the part of the Bank to continue to finance so long as a debtor makes his or her loan payments.

The third element in establishing a fiduciary relationship is that of control. *Garrett*, 459 N.W.2d at 838. In granting Bank summary judgment, the trial court determined that Waddell had failed to establish that Bank had exercised dominion, control, or influence over Waddell's affairs. Waddell has alleged no facts to establish that the relationship between he and Bank extended beyond the normal incidents of a debtor-creditor relationship. Bank was not in charge of day-to-day management or operation of Waddell's ranch, nor did it compel or otherwise influence Waddell to engage in unusual financial transactions. In fact, the bank in *Garrett* exercised more control over the borrower's activities than Dewey County Bank exercised over Waddell. Waddell has failed to establish even a minimal degree of control by Bank and thus, no fiduciary relationship was established.

As the trial court noted, "[w]hile it can be argued that there may be some evidence in the record to support findings favorable to the first and second elements [of the fiduciary relationship test], [Waddell] has failed to make any showing that [Bank] had any dominion or control over his business." In his own deposition, Waddell admitted that, as far as he was concerned, Bank had done nothing wrong or improper in their relationship with him, and he was suing Bank only as a means of reaching defendants MABSCO and Rabobank,[3] notwithstanding his failure to perfect service on these two defendants. *See, supra* n. 1. Reviewing the evidence presented in a light most favorable to Waddell, we conclude that Waddell failed to establish any specific facts establishing the existence of a fiduciary relationship between himself and Bank.

The decision of the trial court is affirmed in all respects.

MILLER, C.J., WUEST, HENDERSON and SABERS, JJ., concur.

---

**3.** Waddell testified at his deposition, in response to questioning by Bank's counsel, as follows:

> Q Dick, you are suing Dewey County Bank and you are suing MABSCO, or the MABSCO Defendants, I would ask you what did Dewey County Bank do wrong or improper in their relationship with you?
> A I think they—as far as I am concerned, I've had good relations with Dewey County Bank. *I think I have to go through them to get to the people I am going to get to.*
> Q All right. Would be fair to say you don't claim that Dewey County Bank ever broke any contract or agreement that they made with you?

> A Right.
> Q They've never broke any oral commitment or statement that they made to you?
> A As far as I know.
> Q They've not misled you about anything, have they?
> A To my knowledge, no.

(Emphasis added.) Waddell cannot claim the benefit of a version of the facts more favorable to his contentions than he himself has given in his own sworn deposition testimony. *See Swee v. Myrl & Roy's Paving, Inc.*, 283 N.W.2d 570, 572 (S.D.1979); *Miller v. Stevens*, 63 S.D. 10, 256 N.W. 152, 155 (1934).