Fred FELD, Plaintiff and Appellant,

v.

**FIRST NATIONAL BANK IN SIOUX
FALLS and Todd J. Bernhard,
Defendants and Appellees.**

No. 18592.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1994.

Decided July 20, 1994.

Rehearing Denied Aug. 16, 1994.

Fred Feld, pro se.

Jeremiah D. Murphy and Tamara A. Wilka, Boyce, Murphy, McDowell and Greenfield, Sioux Falls, for defendants and appellees.

PER CURIAM.

Fred Feld appeals a judgment dismissing his complaint against First National Bank in Sioux Falls and Todd J. Bernhard. We affirm.

FACTS

In 1976, the South Dakota Health and Educational Facilities Authority issued revenue bonds in order to finance construction of new hospital facilities for Sioux Valley Hospital Association. First National Bank in Sioux Falls (hereinafter "First National") was named as the trustee over the revenue bond accounts associated with the bond issuance. The bonds were scheduled for redemption in the year 2007. However, the bonds, on their face, specify that they may be redeemed earlier upon notice and payment of a specified premium. The revenue bonds read, in part:

> In the event any of the Series 1976 Bonds are called for redemption as aforesaid, notice thereof identifying the Bonds to be redeemed will be given by publication at least twice in a newspaper of general circulation in the City of Minneapolis, Minnesota, or in The Daily Bond Buyer (if then published), the first of which shall be published not less than thirty days prior to the redemption date, and in the case of redemption of Series 1976 Bonds at the time registered as to principal (except to bearer) or fully registered, upon mailing a copy of the redemption notice by Bond to be redeemed at the address shown on the registration books; provided, however, that the failure to give such notice of mailing, or any defect therein, shall not affect the validity of any proceedings for the redemption of Series 1976 bonds.

In June of 1992, Feld purchased 32 of the $5,000 revenue bonds. Feld held the bonds as "bearer bonds," meaning that he did not register them under his name with the trustee.

In fall 1992, Sioux Valley Hospital decided to redeem the revenue bonds effective November 1, 1992. Notice of the redemption

was published in The Bond Buyer on September 30, 1992 and October 2, 1992. Registered owners were mailed redemption notices at their last known address. Because Feld was not a registered owner, the trustee was unaware of his existence and no redemption notice was mailed to his address. The revenue bonds were redeemed on November 2, 1992.

In May of 1993, Feld presented interest coupons from the revenue bonds to his bank. He subsequently learned that the interest coupons arising after November 1992 had not been paid. In June 1993, Feld redeemed his bonds for $162,400.00. He was unable to recover any interest which would have accrued between November 1992 and May 1993.

In August 1993, Feld initiated a small claims court action against First National and Todd J. Bernhard. Bernhard is a vice president of First National and had handled correspondence with Feld. Although Feld claimed he had lost $5,800 in interest, he sought only $4,000 in damages (the jurisdictional limit of the court).

In October 1993, First National and Bernhard filed a motion to transfer the case to circuit court. On October 6, 1993, the magistrate judge transferred the matter to circuit court. In response, Feld filed an amended complaint seeking $7,200 in compensatory damages and $250,000 in punitive damages. First National and Bernhard answered Feld's complaint and denied "each and every allegation and thing contained in plaintiff's 1st Amended Complaint." Feld filed a motion to strike and requested sanctions under SDCL 15-6-11. Circuit Judge Meierhenry denied the motion to strike and the sanctions request on November 12, 1993.

On October 29, 1993, First National and Bernhard filed a motion for summary judgment. Feld opposed the motion. On December 17, 1993, Judge Meierhenry granted summary judgment in favor of First National and Bernhard and entered a judgment dismissing Feld's complaint. Feld appeals from that judgment.

## DECISION

Feld contends that the trial court erred in granting summary judgment.

In reviewing a grant or denial of summary judgment under SDCL 15-6-56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Easson v. Wagner*, 501 N.W.2d 348, 350 (S.D. 1993) (quoting *Waddell v. Dewey County Bank*, 471 N.W.2d 591, 593 (S.D.1991)).

This case presents a straight forward contractual notice dispute. The terms of the revenue bond agreement (printed on the face of the bonds) are the terms of the contract. The revenue bonds provide that they may be redeemed by issuer earlier than 2007, upon notice and payment of a premium. The bonds specify that the notice may be given by placing at least two advertisements in a general circulation paper in Minneapolis *or* in The Daily Bond Buyer. Feld does not dispute the fact that The Daily Bond Buyer is now published as The Bond Buyer. Nor does Feld dispute the fact that two notices were run in that paper as required by the terms of the bond agreement.

■ Feld has raised only one matter which he contends is an unresolved material issue of fact: First National's motive in publishing the notice in a newspaper that has such limited circulation. Frankly, the motives of First National are irrelevant to the issue of whether the contractual notice requirements have been satisfied. Feld has failed to demonstrate that any material issues of fact remain to be resolved. Thus, Feld has failed in his burden to show that the

trial court erred in granting summary judgment.

 Feld also argues that the notice is somehow inherently insufficient because The Bond Buyer is of such limited circulation. The United States Supreme Court, discussing a statute which provided a mechanism for notice of judicial proceedings, stated that a notice mechanism is constitutionally sufficient if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Company,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although *Mullane* is not actually relevant to this situation, its analysis does prove helpful in considering the sufficiency of the notice mechanism used in the revenue bonds in question. Each and every revenue bond in question stated, on its face, that it could be redeemed early upon notice and payment of a premium. The terms of those bonds specified how such notice would be given. Every owner or holder of such a bond was thus informed of how they would be notified of an early redemption. This notice mechanism is not inherently insufficient.

No material issues of fact remained to be resolved and thus the trial court did not err in granting summary judgment. The trial court is affirmed.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., participating.

WUEST, J., disqualified.