#27192-a-LSW

**2016 S.D. 3**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DOROTHY SMIZER, Individually and
as Personal Representative of the
Estate of HARLAN SMIZER, deceased,          Plaintiff and Appellant,

v.

CHRISTINA DREY,                               Defendant and Appellee.


\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
GREGORY COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE KATHLEEN F. TRANDAHL
Judge

\* \* \* \*

MICHAEL D. BORNITZ
ROBERT D. TRZYNKA of
Cutler Law Firm, LLP
Sioux Falls, South Dakota          Attorneys for plaintiff
                                   and appellant.


RYLAND DEINERT
TIMOTHY A. CLAUSEN of
Klass Law Firm, LLP
Sioux City, Iowa                   Attorneys for defendant
                                   and appellee.

\* \* \* \*

ARGUED ON
OCTOBER 7, 2015

OPINION FILED **01/06/16**

#27192

WILBUR, Justice

[¶1.] Dorothy Smizer, in her individual capacity and as personal representative of the estate of Harlan Smizer, appeals the circuit court's decision to impose sanctions under SDCL 15-6-11(c). The circuit court awarded Christina Drey attorney's fees as sanctions after the court concluded that the Smizers did not conduct a reasonable investigation in law or fact to support their claim for punitive damages against Christina. The court also imposed sanctions because it found that the Smizers improperly sought punitive damages to gain leverage toward settlement of their negligence claim against Christina. We affirm.

**Background**

[¶2.] On July 25, 2010, Dorothy and Harlan Smizer were traveling to church with their daughter and granddaughter when a vehicle driven by Christina collided with their vehicle at the intersection of 347th Avenue and 294th Street in Gregory County, South Dakota. Christina was traveling west on 294th Street, and the Smizers were traveling south on 347th Avenue. A yield sign on 294th Street controls the intersection, and the speed limit is 65 mph. Christina later explained that prior to the accident she was traveling 45 mph and that she slowed to 35 mph before the intersection. She looked for oncoming traffic and drove through the intersection. But she explained that a cornfield obstructed her view of traffic traveling south. She did not see the Smizers' vehicle until it was too late. Christina slammed on her brakes to attempt to avoid the accident, but could not stop. Christina's vehicle struck the Smizers' vehicle behind the driver's-side door. The

-1-

Smizers were seriously injured. Christina was cited for and admitted to a failure to yield in violation of SDCL 32-29-3.

[¶3.] The Smizers brought suit against Christina in November 2012. They alleged that Christina was negligent and that her failure to yield at the intersection constituted negligence per se. The Smizers sought to recover compensatory and punitive damages. To support their claim for punitive damages, the Smizers alleged that Christina "regularly fails to yield at this intersection, in willful violation of SDCL § 32-29-3 Failure to Yield to Traffic at Yield Sign." And they asserted that Christina "engaged in extreme and outrageous conduct in operating her motor vehicle in conscious disregard of the traffic laws of this State." The Smizers alleged that Christina's "actions were willful, wanton, and reckless, entitling [them] to punitive damages in an amount to be determined by the trier of fact." They also requested attorney's fees based on SDCL 23A-28-6. That statute provides that "[i]f the victim is not satisfied with the approved or modified plan of restitution, the victim's exclusive remedy is a civil action against the defendant, which, if successful, may include attorney's fees."

[¶4.] Christina answered and denied liability. She asserted that the Smizers had no legal basis or authority to seek punitive damages or attorney's fees. Christina averred that the Smizers brought their claim for punitive damages solely to "harass and intimidate her[.]" Christina served upon the Smizers (but did not file) a motion for an award of sanctions. Counsel for Christina later explained that he did not file the motion because SDCL 15-6-11(c)(1)(a) requires that a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days

after service of the motion (or such other period as the court may prescribe), the challenged . . . claim . . . is not withdrawn or appropriately corrected." The parties held a teleconference, after which the Smizers amended their complaint and removed their claim for attorney's fees under SDCL 23A-28-6. The Smizers continued to seek punitive damages. (Harlan passed away of natural causes in February 2014, and his claims were asserted on his behalf by his estate.)

[¶5.]        During discovery, Christina asked the Smizers to identify the evidence to support their claim for punitive damages. The Smizers asserted that they had information and belief that Christina had a habit of failing to yield at that intersection. More specifically, during her deposition, Dorothy testified that Karen Klein and Brad Skalla had knowledge of Christina's previous failures to yield at that intersection. Yet Dorothy could not say if Karen specifically said she saw Christina or if she saw Christina's sister. Christina later obtained an affidavit from Brad, who attested that he had no memory of Christina ever failing to yield at that intersection. Brad also attested that he had no memory of telling Dorothy or Harlan that he observed Christina fail to yield at that intersection.

[¶6.]        After the parties completed discovery, the Smizers continued to seek punitive damages against Christina. In a letter to Christina's counsel in December 2013, the Smizers claimed that "there is a reasonable likelihood we will be able to obtain a verdict in excess of the policy limits and an award of punitive damages." Unable to convince the Smizers to abandon their claim for punitive damages, Christina moved the circuit court for partial summary judgment on the issue of punitive damages and for sanctions under SDCL 15-6-11(c). Christina asserted that

the Smizers failed to conduct a reasonable investigation of their claim and merely recited the applicable legal terms "willful and wanton" without any evidence that Christina's conduct was anything more than simple negligence. Christina further claimed that the Smizers were using their request for punitive damages to harass her and gain leverage in settlement negotiations.

[¶7.] The Smizers responded with a cross-motion for partial summary judgment on the issue of punitive damages and, in the alternative, moved the court to let the jury decide the issue of punitive damages. They claimed that punitive damages were warranted as a matter of law because Christina knew she had an obligation to yield, knew her view was obstructed, failed to slow to a speed of 15 mph, and drove through the intersection while looking ahead. Also, "Kiley and Karen Klein might have witnessed her previously fail to yield at the intersection of 294th Street and 347th Avenue." According to the Smizers, Christina's actions disregarded their rights. The Smizers also filed a separate motion for partial summary judgment on the issue of Christina's negligence.

[¶8.] After a hearing on the parties' motions in February 2014, the circuit court issued a memorandum decision. It granted the Smizers' motion for partial summary judgment on the issue of Christina's negligence. It granted Christina's motion for partial summary judgment on the issue of punitive damages and dismissed that claim. The court concluded that the Smizers failed to present any evidence to support a claim for punitive damages beyond a violation of a safety statute. The court also granted Christina's motion for sanctions under SDCL 15-6-11(c). It found that "[i]t is clear from the Smizers' conduct that their purpose in

bringing a claim for punitive damages . . . is to harass and attempt to leverage a settlement." It concerned the court that counsel continued to assert a claim for punitive damages after discovery was completed. In the court's view, the "Smizers and their attorneys did not conduct any reasonable investigation in fact or law in bringing their claim for punitive damages," and "[t]here is no evidence whatsoever that supports a claim for punitive damages."

[¶9.] The court ordered the Smizers to "pay the attorneys fees to counsel for [Christina] for the time and expense for defending against the punitive damages claim after discovery was completed, including preparing the motions and briefs on the issue of punitive damages, and arguing the motion to the court." The Smizers appeal and raise the following issues for our review:

1. The court abused its discretion when it found that the Smizers had neither legal nor factual support for their claim of punitive damages against Christina and granted Rule 11 sanctions.

2. The court abused its discretion when it improperly made inferences from the evidence in Christina's favor, required the Smizers to prove that Christina intended to harm them, and allowed Christina to rely on an affidavit in contradiction to her deposition testimony.

## Standard of Review

[¶10.] The Smizers claim that this Court's standard of review "appears inconsistent." On the one hand, SDCL 15-6-11(e) provides that "[t]he Supreme Court shall consider all appeals pursuant to §§ 15-6-11(a) through 15-6-11(d) without any presumption of the correctness of the trial court's findings of fact and conclusions of law." On the other hand, our case law specifically directs that an appeal under Rule 11 is reviewed for an abuse of discretion. *Hobart v. Ferebee*, 2009

S.D. 101, ¶ 10, 776 N.W.2d 67, 71; *Pioneer Bank & Tr. v. Reynick*, 2009 S.D. 3, ¶ 13, 760 N.W.2d 139, 143; *Hahne v. Burr*, 2005 S.D. 108, ¶ 22, 705 N.W.2d 867, 874; *Prunty Constr., Inc. v. City of Canistota*, 2004 S.D. 78, ¶ 28, 682 N.W.2d 749, 761; *Anderson v. Prod. Credit Ass'n*, 482 N.W.2d 642, 645 (S.D. 1992). We take this opportunity to clarify our standard of review.

[¶11.]        In 1990, the United States Supreme Court specifically examined the issue of an appropriate standard of review when a court imposes Rule 11 sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403-04, 110 S. Ct. 2447, 2460, 110 L. Ed. 2d 359 (1990). We note that the federal rule does not contain language similar to SDCL 15-6-11(e)—that this Court is not to presume "the correctness of the trial court's findings of fact and conclusions of law." Yet the reasoning in *Cooter & Gell* is helpful because there is no decisive distinction between the policy considerations implicated by our rule and the federal rule. *See Cooter & Gell*, 496 U.S. at 404, 110 S. Ct. at 2460 (goal is "specific and general deterrence"); *Anderson*, 482 N.W.2d at 645 (purpose of the rule is to deter abuse). And nothing in SDCL 15-6-11(e) imposes a specific standard of review or mandates that this Court reweigh the evidence and reconsider the facts already considered and weighed by the circuit court.

[¶12.]        In deciding the appropriate standard of review under the federal rule, the United States Supreme Court recognized that a federal "court's ruling that a litigant's position is factually well grounded and legally tenable for Rule 11 purposes is similarly fact specific." *Cooter & Gell*, 496 U.S. at 403, 110 S. Ct. at 2460. Likewise in South Dakota, the decision to impose Rule 11 sanctions under SDCL 15-6-11(b) involves multiple factual and legal considerations. The circuit

court must examine factual questions related to the attorney or unrepresented party's representations to the court. SDCL 15-6-11(b). Legal issues are implicated when the court considers whether "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" SDCL 15-6-11(b)(2). And if the circuit court determines a violation occurred, it may exercise its discretion and "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated § 15-6-11(b) or are responsible for the violation." SDCL 15-6-11(c).

[¶13.] As the Supreme Court recognized, to decide "whether a complaint was supported by fact and law 'to the best of the signer's knowledge, information, and belief,' a court must make some assessment of the signer's credibility." *Cooter & Gell*, 496 U.S. at 402, 110 S. Ct. at 2459. The "court must consider all the circumstances of a case. An inquiry that is unreasonable when an attorney has months to prepare a complaint may be reasonable when he has only a few days before the statute of limitations runs." *Id.* at 401-02, 110 S. Ct. at 2459. Indeed, "[f]amiliar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* at 402, 110 S. Ct. at 2459.

[¶14.] In light of these considerations and the language of SDCL 15-6-11, we continue to adhere to our abuse of discretion standard of review. "An abuse of discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Pioneer Bank & Tr.*, 2009 S.D. 3, ¶ 13, 760 N.W.2d

at 143. An abuse of discretion also occurs when the court bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405, 110 S. Ct. at 2461.

**Analysis**

[¶15.] The Smizers contend that the circuit court abused its discretion when it imposed sanctions under SDCL 15-6-11(c) because they had at least some rational basis to support their claim for punitive damages. In particular, the Smizers assert that the facts, viewed in a light most favorable to them, show Christina "acted intentionally or recklessly" when she drove through the intersection at 35 mph with an obscured view of oncoming traffic, had previously avoided a collision with another vehicle at that intersection, and "showe[d] a criminal indifference to her civil obligations" when she pleaded guilty to failure to yield. In the Smizers' view, a jury could reasonably conclude that Christina "had no intention of yielding or recklessly failed to yield to oncoming traffic on the morning of the collision."

[¶16.] Christina, on the other hand, insists that the Smizers merely recite the litany of legal terms relevant to a claim for punitive damages and provide no factual support for their claim that she intentionally failed to yield at the intersection on the day of the collision. She notes that she was not intoxicated, was not a distracted driver, and has never before been cited for failure to yield. She contends that the collision was nothing "other than a simple motor vehicle accident involving general negligence." She also avers that the Smizers asserted their claim for punitive damages to harass her and leverage a settlement.

[¶17.] SDCL 15-6-11(b) imposes a duty on an attorney "to conduct a 'reasonable inquiry' into the facts and law prior to commencing any action." *Anderson*, 482 N.W.2d at 645. The allegations and contentions asserted must "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" SDCL 15-6-11(b)(3). By presenting a claim to the court, the attorney is certifying that the claim is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" SDCL 15-6-11(b)(3).

[¶18.] We have said that the purpose of sanctions under SDCL 15-6-11 is to deter abuse by parties and counsel. *Anderson*, 482 N.W.2d at 645 (quoting *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 205 (7th Cir. 1985)). But evidence of bad faith is not required under because the aim is "to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions." *Anderson*, 482 N.W.2d at 645 (quoting *Rodgers*, 771 F.2d at 205). When imposing sanctions, SDCL 15-6-11(c)(3) requires that the court "describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." We have said that this requirement "facilitate[s] effective appellate review." *Pioneer Bank & Tr.*, 2009 S.D. 3, ¶ 9, 760 N.W.2d at 142 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.3 (3d ed. 2008)).

[¶19.] Here, the court described the conduct that constituted a violation of SDCL 15-6-11. It explained that "[i]t is clear from the Smizers' conduct that their

purpose in bringing a claim for punitive damages (just like their earlier attempt to claim attorney fees under the criminal restitution statutes and the South Dakota commercial driver's license statutes even though Drey doesn't have a CDL) is to harass and attempt to leverage a settlement." In the court's view, "[t]here is no evidence whatsoever that supports a claim of punitive damages." According to the court, the Smizers failed to meet their duty to conduct a reasonable inquiry under the circumstances prior to asserting their claim. It noted that "the Smizers' 'smoking gun' witness, Brad Skalla, testified under oath that he disagrees with Dorothy Smizer's sworn testimony." And Christina proved that the Smizers' responses to certain requests for admissions "were untrue." It particularly concerned the court, not that counsel for the Smizers relied on his client's representations, but "that they continued with the claim for punitive damages after discovery was completed." The court concluded that the Smizers should have dismissed their claim for punitive damages "at the time their claim for attorney fees was dismissed."

[¶20.] Punitive damages are warranted "where the defendant has been guilty of oppression, fraud, or malice, actual or presumed . . . committed intentionally or by willful and wanton misconduct, in disregard of humanity[.]" SDCL 21-3-2. "Malice is an essential element of a claim for punitive damages." *Kjerstad v. Ravellette Publ'ns, Inc.*, 517 N.W.2d 419, 425 (S.D. 1994). Malice can be actual or presumed. *Id.* Yet, it is not presumed simply from doing the unlawful or injurious act. Presumed malice is inferred from certain acts. *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 761 (S.D. 1994). The implication is "that the act

complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations." *Id.* (quoting *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D. 1991)).

[¶21.] From our review of the evidence, the circuit court did not abuse its discretion when it held that the Smizers failed to conduct a reasonable investigation to support their claim for punitive damages. The Smizers identify no evidence that Christina's failure to yield at the intersection "was conceived in the spirit of mischief or of criminal indifference to civil obligations." *See id.* Nor does this case "involve ingenuity in advocacy or an attempt to develop the law." *See Johnson v. Miller*, 2012 S.D. 61, ¶ 52, 818 N.W.2d 804, 817 (Zinter, J., dissenting).

[¶22.] Nonetheless, the Smizers argue that the circuit court ignored disputed evidence and failed to view the evidence in a light most favorable to them. Specifically, they contend that the court improperly failed to consider that Christina made a statement that she was looking straight ahead when she drove through the intersection and that she failed to slow to 15 mph, despite having an obstructed view of oncoming traffic. The Smizers highlight that Christina admitted to violating her statutory duty to yield at the intersection and knew it would be more difficult for her to stop because of the gravel road. This evidence, viewed in a light most favorable to the Smizers and all reasonable inferences that could be drawn from this evidence, does not create a rational basis to assert a claim for punitive damages. *See Gabriel v. Bauman,* 2014 S.D. 30, ¶ 16, 847 N.W.2d 537, 543 ("The conduct must be more than mere mistake, inadvertence, or inattention.").

[¶23.] The court also did not abuse its discretion when it found that the Smizers had no basis in law or fact to assert their claim for punitive damages.

Although counsel for the Smizers asserted that—in originally bringing the claim for punitive damages—he relied on his client's representation that Christina had a history of failing to yield at that intersection, it became clear during discovery that no witness would actually be able to testify to that fact. Indeed, after discovery, the Smizers only alleged that a witness *might* say she saw Christina nearly miss an accident at the intersection on a previous occasion. Yet that speculative assertion does not lead to the reasonable inference that a witness observed Christina previously fail to yield at that intersection or that Christina was a driver involved in a near miss at that intersection. *See Andrushchenko v. Silchuk*, 2008 S.D. 8, ¶ 8, 744 N.W.2d 850, 854 (evidentiary basis must be supported by more than unsupported conclusions and speculative statements). Nor does merely quoting the legal terms relevant to a claim of punitive damages equate to a legitimate attempt to establish a new theory of law. *See Hartman v. Wood*, 436 N.W.2d 854, 857 (S.D. 1989). In fact, no case cited by the Smizers supports their claim that Christina acted with the requisite intentional or reckless conduct sufficient to implicate punitive damages. *See Dame v. Estes*, 101 So. 2d 644 (Miss. 1958) (evidence that driver either ignored or wholly failed to see the stop sign and made no effort to stop at the intersection or check the speed of her vehicle); *Eliason v. Wallace*, 680 P.2d 573 (Mont. 1984) (court did not indicate findings to support the claim, just the conclusion that the claim was supported); *Austin v. Specialty Transp. Servs., Inc.*, 594 S.E.2d 867 (S.C. 2004) (driver did not stop at the stop sign); *Fairchild v. S.C. DOT*, 683 S.E.2d 818 (S.C. Ct. App. 2009) (under state law, when there is negligence per se, punitive damages may be presented to the jury).

[¶24.]    The circuit court also did not abuse its discretion when it imposed sanctions because it found that the Smizers brought their claim for an improper purpose. According to the court, "[i]t is clear" the Smizers used their claim to attempt to leverage a settlement and to harass Christina. *See Probasco v. Ford Motor Co.*, 182 F. Supp. 2d 701, 705 (C.D. Ill. 2002) (it is improper to use a claim for punitive damage as leverage). In the court's view, there was no evidence "whatsoever" to support a claim for punitive damages, and the Smizers should have dismissed the claim when it dismissed their claim for attorney's fees.

[¶25.]    Christina moves this Court for appellate attorney's fees under SDCL 15-26A-87.3 and has included a verified statement of legal services to support her motion. An award of reasonable appellate attorney's fees is mandated under SDCL 15-6-11(e) "to the successful party on appeal." *Id.* Christina is the successful party on appeal. We award Christina appellate attorney's fees and costs totaling $8,752.50.

[¶26.]    Affirmed.

[¶27.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.